752 So.2d 395 (2000)
STATE of Louisiana
v.
Norman EDWARDS.
No. 99KA0885.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
Rehearing Denied March 30, 2000.
*396 Creighton B. Abadie, A.D.A., Baton Rouge, for State of Louisiana.
Scott J. Collier, Baton Rouge, for Defendant-Appellant.
Before: SHORTESS, C.J., PARRO and KUHN, JJ.
SHORTESS, C.J.
Norman Edwards (defendant) was charged by bill of information with driving while intoxicated (DWI), third offense. La. R.S. 14:98. He pled guilty and, after a Boykin hearing, the court accepted his guilty plea, reserving his right to appeal the constitutionality of Louisiana Revised Statute 14:98(D)(2)(a). Defendant subsequently *397 was sentenced to two years at hard labor. The court suspended the sentence and placed defendant on active supervised probation with a number of special conditions. In accordance with Revised Statute 14:98(D)(2)(a), the court also ordered the seizure, impoundment, and sale of defendant's vehicle. Defendant has appealed, urging one assignment of error.

FACTS:
Defendant pled guilty, so the facts were not fully developed. The factual basis adduced at the Boykin hearing reveals that on or about April 12, 1998, in East Baton Rouge Parish, a Louisiana state trooper was dispatched to an accident involving three vehicles. Defendant, who was sitting in his vehicle when the trooper assigned to investigate arrived, told the trooper that he was not paying attention and did not see that the other cars had stopped. Defendant said he hit the rear of one vehicle, which pushed it into the rear of another vehicle.
During his conversation with defendant, the trooper smelled alcohol on defendant's breath and conducted a field sobriety test that showed additional signs of intoxication. Defendant was transported to a police station, where he subsequently registered.114 on the intoxilyzer machine.
According to the prosecutor, defendant had two previous driving-while-intoxicated convictions, one on January 14, 1998, and another on April 13, 1998.

ASSIGNMENT OF ERROR:
In his sole assignment of error, defendant contends the trial court erred in upholding the constitutionality of Revised Statute 14:98(D)(2)(a). In his brief to this court, defendant argues that the seizure and sale of a vehicle that does not fall within the contraband-drug exception violates his right to property and the provision of Louisiana Constitution article I, section 4, that personal effects shall never be taken. He contends that in order to seize and sell his vehicle, the State must show this forfeiture falls under the contraband-drug exception. Defendant argues that under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, Revised Statutes 40:2601 through 40:2622, which gave rise to the contraband-drug exception in the Constitution, property subject to seizure and forfeiture is limited to contraband or derivative contraband related to violations involving controlled substances. Defendant argues his situation was not included in that exception because alcoholic beverages are not contraband drugs.
The State argues in its brief to this court that ordering defendant's vehicle to be seized, impounded, and sold was part of the sentence for his conviction of DWI, third offense. This penalty was in addition to imprisonment, fines, and other conditions set forth by statute. The State contends Edwards's due-process rights were not violated as he knowingly and intelligently pled guilty to the crime and the forfeiture of the vehicle was part of the fine for the crime. According to the State, defendant was aware of the possible sentence, which included the forfeiture provision, prior to entering the guilty plea. In its brief to this court, the State contends the argument set forth by defendant refers to statutes that are civil in nature and this forfeiture was part of a criminal sentencing proceeding. The State asserts the provisions set forth by defendant are separate and distinct from the sentencing provisions of Revised Statute 14:98(D).
Revised Statute 14:98(D)(2)(a) provides that upon conviction of a DWI, third offense, "the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction in the same manner and under the same conditions as executions of writ of seizures and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure."
Louisiana Constitution article I, section 4, provides in pertinent part:

*398 Personal effects shall never be taken. But the following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above described property has been rendered unavailable.
According to Wilson v. City of New Orleans, 479 So.2d 891, 894 (La.1985), any significant taking of property by the state is within the purview of the Due Process Clause. Under the Fourteenth Amendment to the United States Constitution and article I, section 2, of the Louisiana Constitution, a person is protected against a deprivation of his life, liberty, or property without "due process of law." The meaning of procedural due process is well settled. Persons whose rights may be affected by state action are entitled to be heard at a meaningful time and in a meaningful manner, and in order that they may enjoy that right, they must first be notified. Very generally, due process requires some kind of hearing and notice thereof. Fields v. State, 98-0611, p. 6 (La.7/8/98), 714 So.2d 1244, 1250.
In Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the United States Supreme Court set forth three factors to be weighed when determining the specific dictates required by due process: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Due process is flexible and calls for such procedural protections as the particular situation demands. It is well established that due process, "unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." Fields v. State, 98-0611 at p. 7, 714 So.2d at 1250 (quoting Cafeteria & Restaurant Workers v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)).
The private interest in this case is the owner's interest in his motor vehicle. As noted in Wilson v. City of New Orleans, 479 So.2d at 900, a vehicle is a necessity of modern life, and deprivation of a person's mode of transportation, even for a short period, can significantly affect that person's livelihood. Although our constitution grants to persons the "right to acquire, own, control, use, enjoy, protect, and dispose of private property," this right is "subject to reasonable statutory restrictions and the reasonable exercise of the police power." La. Const. art. I, § 4. As such, it is firmly established that the right to operate a motor vehicle in Louisiana is a privilege granted by the state and not a constitutional right. Consequently, the state has and can enact numerous conditions on that privilege. Fields v. State, 714 So.2d at 1253-54. While we recognize the owner of the vehicle has a financial interest in the situation and will suffer economic hardship as a result of the forfeiture of his vehicle, we note that the law at issue premises the seizure, impoundment, and sale on the requirement that defendant be convicted of at least DWI, third offense.
Having determined the private interests involved, we now turn to the risk of error inherent in the chosen procedure. Because a primary function of the legal process is to minimize the risk of erroneous decisions, the second stage of the Eldridge inquiry requires consideration of the likelihood of an erroneous deprivation of the private interest involved as a consequence of the procedures used.
*399 The law assures that the deprivation in this case is not baseless or unwarranted. The statute provides that a vehicle shall be exempt from sale if it was stolen, or if the driver of the vehicle at the time of the violation was not the owner and the owner did not know the driver was operating the vehicle while intoxicated. Furthermore, the vehicle is exempt from sale if all towing and storage fees are paid by a valid lienholder. La. R.S. 14:98(D)(2)(b) and (c).
Before being convicted of DWI, third offense, a defendant is either tried in a court of law or he pleads guilty after a Boykin hearing. In either scenario, an owner has sufficient opportunity to limit the negative consequences of his vehicle being erroneously seized. We note that under this statute, a vehicle is not ordered to be seized, impounded, and sold until after a defendant is convicted. Thus, the forfeiture does not take place until after a hearing is held.
The third factor of the Eldridge balancing test requires us to identify the governmental function involved and the state's interests served by the procedures. The state's interests are immediately apparent: (1) the lack of compliance with the law as set forth in Revised Statute 14:98; (2) the high incidence of motor-vehicle accidents involving drunk drivers; (3) the reduction of deaths and injuries that usually result from motor vehicle accidents involving drunk drivers; and (4) the evident risk of the defendant continuing to drive while intoxicated, as this was at least his third offense. The state's interest is significant. These interests justify depriving the defendant of his vehicle. We further note that the proceeds of the sale of the vehicle shall first be used to pay court costs and towing and storage costs; the remainder shall be forwarded to the Council on Automobile Insurance Rates and Enforcement for its use in studying other ways to reduce drunk driving and insurance rates. See La. R.S. 14:98(D)(2)(d).
As previously noted, before a defendant is required to forfeit his vehicle as part of his sentence, he must first be convicted of at least DWI, third offense. The defendant is either tried in a court of law or has a Boykin hearing before being sentenced. The State has the burden of proving its case beyond a reasonable doubt. Clearly, the defendant is given adequate notice, and a hearing is held before his vehicle is ordered to be seized, impounded, and sold.
Defendant pled guilty to DWI, third offense. At the Boykin hearing, prior to accepting his guilty plea, the court informed defendant that a sentencing possibility, as set forth in the statute, would be the seizure, impoundment, and sale of his vehicle. Defendant indicated he understood the sentencing exposure as a result of pleading guilty. After defendant pled guilty and was sentenced, a hearing was held regarding the constitutionality of Revised Statute 14:98(D)(2)(a). At the conclusion of the hearing, the court found the statute constitutional. The court determined that defendant's due-process rights were not violated; he had proper notice and a proper hearing. The court stated defendant knowingly and intentionally drove a vehicle under the influence of alcohol in direct violation of the law, which states that if convicted, the vehicle driven at the time shall be seized, impounded, and sold.
While we agree with defendant that this statute does not fall under the contraband-drug exception to Louisiana Constitution article I, section 4, we find the statute to be constitutional when examined under the Due Process Clauses of both the United States and Louisiana Constitutions. Defendant clearly was afforded due process of law prior to the court ordering the seizure, impoundment, and sale of his vehicle.
Accordingly, we find the trial court did not err in determining that Revised Statute 14:98(D)(2)(a) was not unconstitutional. This assignment of error is without merit, *400 and defendant's conviction and sentence are affirmed.
AFFIRMED.
PARRO, J., dissents with reasons.
PARRO, J., dissenting.
Louisiana Revised Statute 14:98(D)(2)(a) states that, in addition to the penalties of imprisonment and fines imposed for a conviction of a third offense of driving while intoxicated, "the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction ...." The defendant in this case pled guilty to third offense driving while intoxicated and reserved the right to contest the constitutionality of this statute.
Article I, Section 4 of the Louisiana Constitution states, in pertinent part:
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit....
Personal effects shall never be taken. But the following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above described property has been rendered unavailable. (emphasis added).
The Louisiana Constitution is very clear; personal effects shall never be taken. The only exception to this prohibition allows forfeiture and sale of property connected to illegal transactions involving contraband drugs.
This exception was created by an amendment to the constitution proposed by 1989 La. Acts, No. 840, § 1, which was approved by the voters on October 7, 1989, and became effective November 7, 1989. This amendment deleted the sixth sentence of the second paragraph of Article I, Section 4, which had read, "Personal effects, other than contraband, shall never be taken," and inserted the third paragraph, which specifically states an exception to the prohibition in allowing forfeiture of property related to illegal transactions involving contraband drugs.
Prior to this constitutional amendment, the Louisiana Supreme Court had addressed the issue of forfeiture of personal effects in several cases. In each case, property had to first be classified as contraband before it could be seized. Once that classification was established, the seizure and forfeiture had to be accomplished with due process. This two-step analysis was clearly and succinctly stated in State v. Manuel, 426 So.2d 140 (La.1983), which interpreted the constitutional provisions before the 1989 amendment, as follows:
A statute authorizing the forfeiture of a person's property must in substance and application conform with several provisions of our state constitution. No person may be deprived of property except by due process of law. Every person has the right to enjoy all of the attributes of ownership of his private property, subject to reasonable statutory restrictions and the reasonable exercise of police power. Every person shall be secure from an unreasonable seizure of his property, and a seizure without a warrant issued by a court upon probable cause is unreasonable per se, unless it falls within one of the narrow, traditionally recognized exceptions to the warrant requirement. Personal *401 effects, other than contraband, shall never be taken.
In other words, personal effects may not be taken at all unless they are classified as contraband. Personal effects classified as contraband and other property may be taken but only by due process of law.
* * * * * *
The first question which should be answered, therefore, is whether the article to be forfeited is contraband.
Manuel, 426 So.2d at 143. (emphasis added; citations and footnotes omitted). The court determined the vehicles seized from the defendant were contraband because they were used in the production, manufacture, or distribution of controlled dangerous substances. A similar conclusion was reached in State v. Spooner, 520 So.2d 336 (La.1988), where the evidence showed beyond a reasonable doubt that the defendant's automobile was used for transportation of controlled dangerous substances and to facilitate the sale of those substances.
Those cases allowed the seizure and forfeiture of the automobiles because they could be classified as "derivative contraband." The court distinguished two kinds of contraband, defining as contraband per se "things which intrinsically are illegal to possess and are therefore insusceptible of ownership," such as illegal narcotics, unregistered stills, unlawful alcohol, and illicit gambling devices. Manuel, 426 So.2d at 144. Derivative contraband was defined as "things which may be forfeited because they are the immediate instruments of a crime, but are not ordinarily illegal to possess," such as guns, automobiles, ships, and other such property when used to effectuate a proscribed activity. Manuel, 426 So.2d at 144; Spooner, 520 So.2d at 345.
After amendment, the constitution no longer allows the seizure and sale of personal effects described as contraband. The exception has been more particularly defined to allow such seizures only in the context of drug-related activity.[1] Therefore, the state cannot claim that, because the automobile in this case was "the immediate instrument of a crime," namely third-offense DWI, it could be classified as derivative contraband, and thus was subject to seizure and sale.[2] This classification is no longer available as an exception to the constitutional mandate that personal effects shall never be taken. The only exception now available is for property involved in illegal drug activity. Therefore, the forfeiture provisions of the third-offense DWI statute are unconstitutional. The question of whether or not due process was observed in the actual taking and sale is irrelevant. Until the personal effect is classified as one that may be taken, the due process element does not enter the picture.[3]
Therefore, because Louisiana Revised Statute 14:98(D)(2)(a) is unconstitutional, the portion of Edwards's sentence mandating *402 impoundment and sale of his vehicle should be vacated, and the matter remanded for re-sentencing. I respectfully dissent.
NOTES
[1] As noted in the Manuel and Spooner cases, other provisions of the constitution make clear that reasonable seizures of criminal evidence may include any object tending to prove the commission of an offense. Manuel, 426 So.2d at 145. However, the 1989 amendment, while ensuring the constitutionality of the drug forfeiture statutes, might also have the unintended effect of prohibiting the permanent taking of personal effects formerly falling under the contraband per se definition, as well as those formerly defined as derivative contraband.
[2] Under this argument, a statute could conceivably pass constitutional muster if it allowed seizure and sale of any vehicle whose driver ran a red light; the vehicle would be the instrumentality of a crime that often results in significant property damage, personal injury, or death.
[3] This situation can be distinguished from the seizure of a vehicle when a driver cannot provide proof of insurance; in that case, there is a temporary deprivation, rather than a permanent taking, and due process can adequately protect the individual's property right. See Fields v. State, 98-0611 (La.7/8/98), 714 So.2d 1244.