296 So.2d 818 (1974)
STATE of Louisiana
v.
Elray DUPLANTIS.
No. 54316.
Supreme Court of Louisiana.
June 10, 1974.
Donald J. Richard, Opelousas, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
Defendant, Elray Duplantis, was charged with simple battery, R.S. 14:35, a misdemeanor. After trial, the defendant was found guilty and sentenced on October 18, 1973 to serve 60 days in the parish jail. On November 2, the defendant, in proper person, filed a motion for an appeal, which was granted by the trial court. However, this matter is not appealable directly to this Court. La.Const. Art. 7, § 10(5). Defendant was without counsel from the time of sentencing until after the appeal time had run, thus under our general supervisory jurisdiction we treat this matter as a timely application for writs.
Defendant alleges two assignments of error. He attacks the constitutionality of the short form indictment, and alleges he was entitled to a jury trial.
The constitutionality of the short form indictment has been repeatedly upheld. State v. Alexander, 255 La. 941, 233 So.2d 891 (1970), reversed on other grounds, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536; State v. Fruge, 251 La. 283, 204 So.2d 287 (1967), cert. denied, 391 U.S. 912, 88 S.Ct. 1806, 20 L.Ed.2d 652. Additionally, the defendant did not file an application for a bill of particulars or a motion in arrest of *819 judgment. His failure to so act cannot be urged as an error on the part of the State, given the fact that the bill of information was in legally sufficient form. State v. Peterson, 290 So.2d 307 (La.1974).
Defendant argues he was entitled to a jury trial. The offense of which he was convicted, simple battery, carries a penalty of a fine of not more than $300, or imprisonment of not more than six months, or both. C.Cr.P. Art. 779 provides in such a case the trial shall be by the court without a jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) holds that a jury trial is only required under the Sixth and Fourteenth Amendments to the United States Constitution in serious crimes, not petty offenses. Petty offenses are those punishable by no more than six months in prison and/or a $500 fine. Simple battery is accordingly classified as a petty offense and no jury trial is required.
Having found no merit in defendant's arguments, the conviction and sentence are affirmed.