315 So.2d 270 (1975)
STATE of Louisiana
v.
James JONES.
No. 55669.
Supreme Court of Louisiana.
June 23, 1975.
*271 Murphy W. Bell, Director, R. Judge Eames, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Doug Moreau, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendant was convicted after a bench trial of possession of marijuana, a violation of La.R.S. 40:966(C), and was sentenced to six months imprisonment in the parish jail.[1] He relies on three bills of exceptions for a reversal of his conviction and sentence. Because we find merit in defendant's bill reserved to the trial court's refusal to suppress the marijuana upon which the prosecution is based, we pretermit a consideration of the other errors urged.
During the evening hours of December 26, 1973, two Baton Rouge policemen on patrol observed the car in which defendant and his brothers were riding proceeding along a Baton Rouge residential street. The officers noticed that one of the vehicle's tail lights was not functioning and they continued to observe the automobile in an attempt to determine the speed at which it was travelling. The officers' attempt to ascertain the vehicle's speed was unsuccessful but they stopped the defendant's car because of the malfunctioning tail light.
After stopping the car, the defendant exited the vehicle and walked towards the rear to meet the officers. The policemen detected the odor of alcohol on the defendant's breath and began to inquire about it; the officers testified that at this juncture the defendant became angered. During the course of their discussion with the defendant the policemen noticed that the stopped vehicle was being operated without an ignition *272 key and requested that the defendant display the "pink slip" registration papers, which he was unable to produce. The police arrested the defendant for the "traffic violation" (apparently for driving a car with a non-functioning tail light) and brought him to the police station to administer a test to determine if he was intoxicated. Upon obtaining the results of the test the officers booked the defendant for driving while intoxicated.
Before leaving the scene of the arrest, the officers had radioed another patrol unit and requested that the car which defendant had been driving be kept under observation until the officers could conduct a stolen vehicle check. One of the defendant's brothers remained at the scene of the arrest with the officers keeping watch while the other brother departed the scene on foot. The arresting officers returned to the scene to await a tow truck which was to take the car from the scene and impound it. Upon arriving at the car, one of the officers entered the vehicle at the driver's side and crouched "* * * to see if [he] saw any of the instruments that they use [to hot-wire a car and, thus, steal it without need for the ignition keys] * * *." From this position the officer observed a marijuana "roach" on the floorboard, approximately where the driver's left foot would be during operation of the vehicle. This partially smoked marijuana cigarette recovered by the policeman forms the basis for the defendant's prosecution for possession of marijuana.
The defendant contends in brief that there was no probable cause to justify the search which yielded the marijuana and disputes that the so-called "plain view exception" to the Fourth Amendment's warrant requirement is applicable. The State advances three distinct arguments urging that the recovery of the marijuana was not made during the course of an illegal search and seizure.
In its first argument the State contends that the partially smoked marijuana cigarette was found in plain view; it is therefore argued that there was no actual search and that the defendant's Fourth Amendment rights were not violated when the officer recovered the marijuana. We do not agree that the recovery of the marijuana falls within the "plain view" exception to the warrant requirement. In order for the "plain view" doctrine to be applicable to the recovery of evidence, it is necessary that the recovering officer have a right to be in the position from which the view is obtained. See State v. DiBartolo, 276 So.2d 291 (La.1973) and cases cited therein. In the instant case the officer entered the defendant's vehicle without a warrant and assumed a crouched position for the express purpose of visually ascertaining whether the car had been "hot-wired" and was, therefore, probably stolen. It is clear that the officer's planned observations were focused on visually discovering evidence of a crime. That the officer's actions constituted a search is indisputable. Therefore, the propriety of the trial court's refusal to suppress the marijuana depends on whether the search without a warrant was justified. "* * * The plain-view doctrine does not apply if the law enforcement officers are engaged in an unlawful search at the time of the discovery of the objects. * * *" State v. Hargiss, 288 So.2d 633 (La.1974).
The State contends that the officer who found the marijuana had probable cause to conduct a search and that there existed exigent circumstances which justified by-passing the warrant requirement. It is argued that the fact that the car was being operated without an ignition key and the fact that the defendant could not produce registration papers on the car constituted probable cause to believe that the vehicle was stolen and justified a search of the car. The State implies that the by-pass of the warrant procedure was justified because the vehicle was mobile and could have been moved by someone at any time. Assuming, without deciding, that the information possessed by the arresting officers *273 amounted to probable cause to believe that the vehicle contained evidence of a crime, we do not find the existence of exigent circumstances which is required in addition to probable cause in any warrantless search. The automobile was under police supervision from the time of the arrest until the search was conducted quite some time later that evening. As we read the record, nothing prevented the arresting officers from adhering to the warrant application procedure during the interval of time between the arrest and the search; the automobile was already under constant observation. Their failure to obtain a warrant therefore renders the search and seizure invalid.
The State's last argument in support of its position concerns what may be termed an "inventory" exception to the warrant requirement. Many jurisdictions approve an inventory procedure whereby officers who impound a vehicle may itemize and store for safekeeping the contents of the automobile; different jurisdictions require the coalescence of various factors before evidence of a crime discovered without a warrant during the implementation of such a procedure is deemed admissible in a criminal prosecution. See, Annot., Inventory Search of Impounded Vehicle, 48 A.L.R.3d 537. It is unnecessary for us to determine at this time whether such an exception will be approved by this Court. While the officers may have contemplated conducting such a search before the vehicle was towed and stored, it is plain that the search which revealed the marijuana took place before any such procedure commenced and that the officer who found the marijuana entered the car and examined the area beneath the dashboard solely for the express purpose of determining if the vehicle had been "hot-wired" and how the "hot-wiring" had been accomplished. There is no testimony to support the theory that this was an inventory procedure.[2]
For all of the above-stated reasons we hold that the search and seizure which yielded the marijuana violated the defendant's Fourth Amendment rights. The trial court therefore erred in failing to suppress the marijuana.
Accordingly, we reverse the conviction and sentence and remand the case to the trial court.
Reversed and remanded.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, J., dissents for the reasons assigned.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
It is well settled that a warrantless seizure under the "plain view" doctrine is permitted where the police officer has a legitimate reason for being present and inadvertently comes across an incriminating object. Evidence concerning that which is in plain view is not the product of a search. Here, the police officers were justified in *274 arresting defendant for a "traffic violation." Further, finding that the stopped vehicle was being operated without an ignition key and that defendant was unable to produce, upon request, the "pink slip" registration papers, the police officers had a right to further pursue their injuiry into whether the vehicle had been stolen. Accordingly, they had a legitimate right to enter the vehicle in order to see if it had been "hot-wired." It was at this time that they observed a marijuana "roach" on the floorboard near the position of the driver's left foot.
Hence, in my view, under the facts of this case, the police officer had a legitimate right to be where he was when he saw the partially smoked marijuana cigarette and, thus, the contraband was subject to seizure for later introduction into evidence.
I respectfully dissent from the majority opinion.
SUMMERS, Justice (dissenting).
Policemen of the City of Baton Rouge, while on patrol at 9:45 p. m. on December 26, 1973, noticed defendant's vehicle speeding. They were unable to get an official check of his speed because he turned corners at short intervals several times. Since they were unable to get a check of his speed, they stopped him for a burned out tail light.
When defendant stopped his car, he got out and walked to the rear to meet the officers. In the conversation which ensued, defendant became irate. During their conversation with defendant, the officers detected the odor of alcohol on his breath. They also noticed that defendant's car had been driven without an ignition key, leading to the inference that it probably had been "hot wired". By questioning, they also learned that defendant had no "pink slip" indicating ownership of the car he was driving. Because of his irate behavior and the noticeable odor of alcohol, they decided to take defendant into custody for an alcohol blood test. The officers called another patrol unit to keep watch over the car while they took defendant in for the test. The windows of the car were rolled up and no one entered the vehicle at this time. While at the police station, defendant was booked for driving while intoxicated and for having a burned tail light.
Returning to the scene, the officers called for a wrecker to take defendant's car in for storage and impoundment. Preparatory to moving the car, one of the officers entered the vehicle at the driver's side to inspect the ignition wires to see if the car had been "hot wired". While crouching to look up under the dashboard, he noticed what turned out to be a partially smoked marijuana cigarette lying on the floor of the car, approximately where the driver's left heel would be positioned. It is this marijuana which is the basis of the prosecution.
It is my opinion that the officer who discovered the marijuana had probable cause to believe the automobile was stolen. Defendant was driving the car without an ignition key, without the ownership papers, and he was belligerent and he had been drinking. Believing that a crime had been committed, there was cause to search the vehicle for further evidence of that fact. This fact, combined with the right of the officers to inventory the contents of the vehicle while it was impounded during defendant's incarceration, makes the search and seizure of the marijuana in keeping with the "reasonable" requirements of the fourth amendment.
There is respectable authority approving the validity of an inventory procedure when officers are authorized to impound a vehicle. In fact, when a defendant is taken into custody, the procedure whereby the contents of his impounded automobile are itemized and stored for safekeeping has come to be recognized as legitimate and in keeping with the responsibility of law enforcement officers. United States v. Hill, 500 F.2d 315 (5th Cir. 1974); United States v. Davis, 496 F.2d 1026 (5th Cir. 1974); United States v. Gravitt, 484 F.2d *275 375 (5th Cir. 1974); United States v. Grill, 484 F.2d 990 (5th Cir. 1973); Moore v. State, 261 So.2d 126 (Miss.1972); State v. Cash, 275 So.2d 605 (Fla.App.1973); Inventory Search of Impounded Vehicle, 48 A.L.R.3d 527.
Such a search is not an unreasonable one but is an incident to a routine and proper check on a vehicle lawfully taken into custody. This procedure offends no constitutional right, and evidence incidentally obtained as a result is properly admissible. People v. Sullivan, 29 N.Y.2d 69, 323 N.Y. S.2d 945, 272 N.E.2d 464 (1971).
The facts and circumstances of the case at bar are controlled by these legal principles. The motion to suppress was properly denied.
I respectfully dissent.
NOTES
[1] The defendant filed an appeal in this Court, seeking review of his conviction and sentence. Because the sentence imposed does not confer appellate jurisdiction, we treat the matter as a timely application for writs. See State v. Duplantis, 296 So.2d 818 (La.1974).
[2] The record did not reveal the reason for the officers' decision to impound the vehicle being driven by the defendant just prior to his apprehension and arrest. While a reasonable belief that the vehicle was stolen may have warranted its impoundment, the record reveals that the limited investigation which the officers were able to make on the evening of the arrest did not reveal that the car was reported as a stolen vehicle. Moreover, the officers testified that the defendant was arrested for a "traffic violation" and was initially booked for nothing more serious than operating the vehicle while intoxicated. An arrest and incarceration for a minor traffic violation and for driving while intoxicated is not, in our view, grounds for impoundment of a vehicle after a defendant's arrest when the arrestee's relatives are on hand to arrange for the safekeeping and proper disposition of the vehicle.