787 So.2d 981 (2001)
STATE of Louisiana
v.
Norman EDWARDS.
No. 2000-K-1246.
Supreme Court of Louisiana.
June 1, 2001.
Rehearing Denied June 29, 2001.
*984 Scott Joseph Collier, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Doug P. Moreau, District Attorney, Creighton Brooks Abadie, Baton Rouge, Counsel for Respondent.
Ellis Paul Adams, Jr., Martin K. Maley, Baton Rouge, John Junius Williams, Jr., Counsel for Louisiana District Attorney's Association (Amicus Curiae).
JOHNSON, J.[*]
Norman Edwards was convicted in the 19th Judicial District Court, Parish of East Baton Rouge, of driving while intoxicated (DWI), third offense, and he appealed. The Court of Appeal, First Circuit, held that the statutory provision permitting seizure and sale of a vehicle when the defendant was convicted of DWI, third offense, was constitutional. After considered review of the record, applicable law and jurisprudence, we affirm the decisions of the lower courts and find that Revised Statute 14:98(D)(2)(a), which provides for forfeiture of the vehicle upon conviction of a third DWI offense does not violate Article I, Section 4 of the Louisiana Constitution.

FACTS AND PROCEDURAL HISTORY
On April 12, 1998, in East Baton Rouge Parish, a Louisiana state trooper was dispatched to an accident scene involving three vehicles. Norman Edwards (Edwards), who was sitting in his vehicle when the trooper assigned to investigate arrived, told the trooper that he was not paying attention and did not see that the other cars had stopped. Edwards stated he hit *985 the rear of the vehicle preceding him, which pushed it into the rear of another vehicle.
During his conversation with Edwards, the trooper smelled alcohol and conducted a field sobriety test that showed additional signs of intoxication. Edwards was transported to a police station, where he subsequently registered .114 on the intoxilyzer machine. On two previous occasions Edwards was convicted of driving while intoxicated. On January 14, 1998, he was convicted in Baton Rouge City Court of the first offense, and on April 13, 1998, he was convicted of a second offense in the City Court of Denham Springs.
On May 13, 1998, Edwards was charged with operating a vehicle while intoxicated, third offense, a violation of La. R.S. 14:98. On November 20, 1998, the defendant filed a Motion to Rule the Vehicle Forfeiture Provision Unconstitutional. On February 1, 1999, he pled guilty to the charge. He reserved his right to challenge the constitutionality of the forfeiture provision of La. R.S. 14:98(D) following the entry of his guilty plea. After accepting the petitioner's guilty plea, the trial court heard arguments regarding the forfeiture issue and subsequently ruled that the statute was constitutional.
The trial court sentenced Edwards to serve two years with the Department of Corrections, but suspended the entire sentence and placed numerous conditions on the defendant, including house arrest.[2] Additionally, the court imposed a $2,000 fine and ordered that Edward's vehicle be forfeited. Subsequently, the defendant moved for an appeal of the trial court's decision upholding the constitutionality of the forfeiture provision of 14:98(D).
The First Circuit Court of Appeal determined that the statute was constitutional when examined under the due process clauses of both the United States and Louisiana constitutions. See State v. Edwards, 99-0885 (La.App. 1st Cir. 2/18/00), 752 So.2d 395, reh'g. den. (La.App. 1st Cir. 3/30/00) (Parro, J., dissenting).

ASSIGNMENT OF ERROR
In his sole assignment of error, Edwards contends the trial court and court of appeal erred in upholding the constitutionality of Louisiana Revised Statute 14:98(D)(2)(a), which provides upon conviction of a DWI, third offense, "the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction in the same manner and under the same conditions as executions of writ of seizures and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure."

LAW AND DISCUSSION
The case before us presents the first opportunity for this Court to review R.S. 14:98(D)(2)(a), which calls for forfeiture of vehicles "driven by the offender" during a third-offense drunk driving incident. In our review of this statute we must resolve its apparent conflict with the amended version *986 of Louisiana Constitution article I section 4, which prohibits the state from taking personal effects unless those effects have a connection with contraband drugs.
In his brief to this court, Edwards argues that the seizure and sale of his automobile violates his right to property and the provisions of Louisiana Constitution Article I, Section 4. The State argues in its brief that ordering Edwards' automobile to be seized, impounded and subsequently sold was part of the penalty for his conviction of DWI, third offense. This penalty was in addition to imprisonment, fines, and other conditions set forth by the statute. Accordingly, the State argues that Edwards knowingly and intelligently pled guilty to the crime and the forfeiture of his automobile was part of the penalty for the crime.
The fourth amendment to the U.S. Constitution requires that searches and seizures must be reasonable[3]. The purpose of this protection against unreasonable searches and seizures is to safeguard the privacy and security of individual citizens against arbitrary invasions by government authorities. Delaware v. Prouse, 440 U.S. 648, 653-54, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) (citing Marshall v. Barlow's, Inc., 436 U.S. 307, 312, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), quoting Camara v. Municipal Court, 387 U.S. 523, 528, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967)). In general, courts assess the reasonableness of a fourth amendment seizure by balancing the interest served by the intrusion against the privacy rights of the individual subjected to the seizure. Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); United States v. Martinez-Fuerte, 428 U.S. 543, 555, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). With the exception of a few well-delineated situations, officers must obtain a warrant from a neutral and detached magistrate prior to conducting either an arrest or a search.[4] The warrant requirement limits police discretion in determining which persons to search or seize. When a warrant is not necessary, the fourth amendment requires that searches and seizures be justified by some quantum of individualized suspicion. See United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) (investigatory stop must be justified by objective manifestation that the person stopped is, or is about to be, engaged in criminal activity); Carroll v. United States, 267 U.S. 132, 153-54, 45 S.Ct. 280, 69 L.Ed. 543 (1925) (officer must have probable cause for warrantless vehicle search).
However, the fourth amendment only protects reasonable expectations of privacy. See Katz v. United States, 389 U.S. 347, 351-53, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). The public nature of vehicles and the state *987 regulation and inspection of motor vehicles reduce a motorist's reasonable expectation of privacy. Rakas v. Illinois, 439 U.S. 128, 154 n. 2, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (Powell, J., concurring). In support of this automobile exception, the Supreme Court stated, "the diminished expectation of privacy which surrounds the automobile" arises from the facts (1) that a car is used for transportation and not as a residence or a repository of personal effects, (2) that a car's occupants and contents travel in plain view, and (3) that automobiles are necessarily highly regulated by government. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
Moreover, Louisiana Constitution Article I, Section 5 also guarantees against unreasonable seizures and invasions of privacy. Accordingly, a seizure of property for forfeiture purposes is prohibited as unreasonable unless authorized by a warrant issued upon probable cause, except in those exceptional circumstances in which we have recognized that warrantless searches and seizures are permissible. See e.g. State v. LaRue, 368 So.2d 1048 (La.1979) (searches pursuant to a standard inventory search); State v. Gordon, 332 So.2d 262 (La.1976) (searches incident to a lawful arrest); State v. Wyatt, 327 So.2d 401 (La.1976) (consensual searches); State v. Jones, 315 So.2d 270 (La.1975) (searches undertaken under exigent circumstances). Absent one of the foregoing exceptions, a warrant is required because it places the crucial task of making delicate judgments and inferences from facts and circumstances in the hands of a detached and neutral magistrate instead of police officers, who are engaged in the zealous pursuit of ferreting out crime. Johnson v. U.S., 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).
The warrant safeguard is equally applicable to the seizure of an automobile for the purpose of forfeiture, since the warrantless seizure of an automobile as contraband is subject to the same potential for abuse as the seizure of articles for evidentiary purposes without prior judicial approval. U.S. v. McCormick, 502 F.2d 281 (9 Cir.1974); LaFave, Search and Seizure, A Treatise on the Fourth Amendment, 1996, § 7.3.
In the instant case, Edwards was arrested and charged with DWI. Subsequently, his automobile was seized and impounded pending a conviction. Although the police did not have a warrant to seize his automobile, the seizure is permissible when incidental to a lawful arrest. Before being convicted of DWI, third offense, a defendant is either tried in a court of law or he pleads guilty after a Boykin[5] hearing. In either scenario, an owner has sufficient opportunity to limit the negative consequences of his vehicle being erroneously seized. Under La. R.S.14:98(D), a vehicle is not ordered to be seized, impounded, and sold until after a defendant is convicted. Thus, the forfeiture does not take place until after a hearing is held. We conclude that the seizure and impoundment *988 of Edwards' automobile was lawful and passes constitutional muster.

DEVELOPMENT OF CONTRABAND FORFEITURE LAW
Edwards argues that the forfeiture statute at issue conflicts with the 1989 amendment of the Louisiana Constitution which provides that "personal effects" shall never be taken.

PRE-1989 AMENDMENT
Prior to the 1989 amendment, Article I Section 4 of the Louisiana Constitution as enacted in 1974 read in pertinent part:
Section 4: Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of police power.
Property shall never be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit....Personal effects, other than contraband, shall never be taken.
With respect to contraband as presented in the 1974 Louisiana Constitution, Professor Hargrave noted:
Property considered as `contraband' is exempted from the requirement that personal effects can never be taken. The record provides no special definition of contraband. The term is used in the ordinary sense of property the possession of which is forbidden by law. The historical evolution of the term indicates that no compensation need be given when goods classed as contraband are taken. The government's power to classify items as contraband and to take them without compensation is subject to `reasonable' restrictions and that property cannot be taken without due process. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La. Law Review 1, 19-20 (1974).
The first significant case dealing with forfeiture after the convention is State v. 1971 Green GMC Van, 354 So.2d 479 (La.1977). In this case we recognized that Louisiana traditionally looked with disfavor upon forfeitures. Id. at 484. This court held that the forfeiture statute was unconstitutional. In making this determination, we determined that forfeiture statutes are penal in nature and thus must be decided under criminal law precepts. Id. at 484-487.
In State v. Manuel, 426 So.2d 140 (La.1983), this Court upheld the constitutionality of the drug forfeiture statute in place at the time, La. R.S. 32:1550, and allowed the forfeiture of two vehicles used in the transportation of illicit drugs. Two classifications of contraband were recognized: 1) Contraband per se, which are things that are illegal to possess and are therefore not susceptible of ownership, and 2) Derivative contraband, which are things that may be forfeited because they are instrumentalities of a crime, but which are not ordinarily illegal to possess. We held that the term contraband used in the phrase "personal effects, other than contraband, shall never be taken" means derivative contraband because an article which is contraband per se is not susceptible of ownership. Id. at 144. Accordingly, a forfeiture statute does not violate Article I, Section 4 of the 1974 Louisiana Constitution merely because it authorizes the forfeiture of personal effects which constitute derivative contraband.
Following Manuel, this court decided State v. Spooner, 520 So.2d 336 (La.1988). In that case, the central issue was whether the property owner could be required to prove in a forfeiture proceeding that money *989 found on his person at the time of his arrest was not contraband.
In Spooner this court reviewed another forfeiture statute, La.R.S. 32:1550, and the statutory presumption contained therein. The statutory presumption required the claimant to prove by clear and convincing evidence that money found in close proximity to illegal narcotics was not forfeitable derivative contraband. We ruled that this statutory provision created an unconstitutional mandatory presumption which violated Article I, Section 4, and the federal and state constitutional rights to due process of law. In Spooner, we concluded that forfeiture of money was permissible, but the state had the burden to prove that the money was derivative contraband.
In concluding that the property owner could not be required to disprove a presumption that his property was contraband, but that, instead, the state had to bear the burden of proving that the seized property was contraband, we relied on the protections which the 1974 Louisiana Constitution extended to the right to own and control private property. As such, requiring that the state has the burden of proof as to derivative contraband was necessary to avoid infringement upon constitutional due process and private property rights.
Therefore, defining a forfeiture proceeding as "by nature an attempt to deprive the defendant of his property as a punishment," we have held that the property owner is entitled in that proceeding to substantially the same protection as an accused is afforded in any criminal case. The burden of proving that the defendant's property was derivative contraband must be on the state. As this court said in State v. 77,014.00 Dollars, 607 So.2d 576 (La. App. 3 Cir.1992), writ denied, 612 So.2d 61 (La.1993), the legislature's response to Spooner was the enactment of Louisiana's present forfeiture law.

POST 1989 AMENDMENT
The Spooner decision led to the 1989 amendment to Article I Section 4. The amendment deleted the words "other than contraband" from the last sentence of paragraph two, and added language so that paragraph three now reads as follows:
Personal effects shall never be taken. But the following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above described property has been rendered unavailable.
This section shall not apply to appropriation of property necessary for levee or levee drainage purposes. Article I Section 4.
This amendment was intended to overrule Spooner, which examined forfeiture laws in the context of criminal proceedings and placed a heavy onus on the state in proving that property should be forfeited. See State v. Lamb, 31-919, p.4 (La.App. 2nd Cir. 5/7/99), 732 So.2d 1270, 1273; State v. Clark, 94-598, p.7 (La.App. 3rd Cir. 2/21/96), 670 So.2d 493, 500. The amendment did this by allowing forfeiture of contraband drug property by means of a civil proceeding. Furthermore, the amendment suppressed the traditional rationale employed in Spooner, that the forfeiture of drug tainted property was disfavored and that the defendant in the forfeiture proceeding must receive the same due process considerations as in a criminal proceeding. In keeping with this intent, the legislature also passed new forfeiture provisions, La. R.S. *990 40:2601 et seq., setting forth less onerous burdens of proof directly in the statute and treating forfeitures as civil matters.
The effect of the 1989 amendment is that there are now three classifications of proceedings for the permanent taking of property given constitutional status: criminal and quasi-criminal proceedings, which are governed by the first paragraph of Article I, Section 4; expropriation proceedings, which are governed by the second paragraph of Article I, Section 4; and the civil forfeiture of drug related property, which are governed by the third paragraph of Article I, Section 4.

CIVIL FORFEITURE V. CRIMINAL FORFEITURE
Edwards argues that under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, Revised Statutes 40:2601 through 40:2622, which gave rise to the contraband-drug exception in the constitution, property subject to seizure and forfeiture is limited to contraband per se or derivative contraband related to violations involving controlled substances. Thus, he argues that in order to seize and sell his automobile, the State must show that the forfeiture falls under the contraband-drug exception. The State argues that its forfeiture power in a civil proceeding is not limited to drug-related offenses. The State asserts that the provisions set forth by Edwards are separate and distinct from the sentencing provisions of Revised Statute 14:98(D).
Civil forfeiture is the process by which governments seize property without compensating its owner, based on its connection with the commission of crime. See Leonard Levy, A License to Steal: The Forfeiture of Property ix (1996). There is no prerequisite that a crime be proved before property is subject to confiscation. See Kirk W. Munroe, Surviving the Solution: The Extraterritorial Reach of the United States, 14 Dick. J. Int'l L. 505, 515 (1996) ("Where this is a civil forfeiture action, the U.S. government need not bring criminal charges, either before or after the forfeiture. [It can seize] assets without ever bringing a criminal charge against anyone involved with the asset."). In fact, the government not only has no duty to prove beyond a reasonable doubt that a crime was committed, it also has no duty to prove a crime by clear and convincing evidence or even by a preponderance of the evidence. The government must only prove that there was probable cause to believe that the property was used in connection with a crime. This burden of proof is made possible by the legal fiction that the property itself is guilty. See U.S. v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); State v. Giles, 29,695 (La.App. 2nd Cir. 6/18/97), 697 So.2d 699 citing this court's opinion in State v. Johnson, 94-0595 (La.1/16/96), 667 So.2d 510.
In contrast to civil forfeiture laws, criminal forfeitures are premised on a punitive theory, whereby forfeiture serves the important penal interests associated with the criminal process. See United States v. Kravitz, 738 F.2d 102, 106 (3d Cir.1984), cert. denied, 470 U.S. 1052, 105 S.Ct. 1752, 84 L.Ed.2d 816 (1985). As the Fifth Circuit observed in upholding a substantial criminal forfeiture: "property forfeited under RICO need not be guilty." U.S. v. Cauble, 706 F.2d at 1350 (5th Cir. 1983). Rather, the scope of criminal forfeiture is measured by the penal objectives of the legislature. See U.S. v. U.S. Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); Boyd v. U.S., 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); State v. Billiot, 254 La. *991 988, 229 So.2d 72 (1969); Cornman v. Conway, 178 La. 357, 151 So. 620 (1933). Thus, in many respects, criminal forfeiture is broader in scope than civil forfeiture because law enforcement can reach property that was legitimately acquired or lawfully used.
Just as civil and criminal forfeitures have distinct legal purposes, the procedures used to perfect each type of forfeiture are dramatically different. The most obvious difference, of course, is that criminal forfeitures are considered a part of a criminal prosecution and thus are subject to criminal procedural rules, whereas civil forfeitures are prosecuted in independent civil actions directly against the offending property.
Civil forfeitures are considered in rem proceedings, and a court must take possession of property through an act of seizure by the government before it can assert in rem jurisdiction. The seizure of the property, either actual or constructive, confers in rem jurisdiction upon the court. See, e.g., United States v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct. 492, 503, 126 L.Ed.2d 490 (1993); State v. Mart, 96-1584 (La.App. 1 Cir. 6/20/97); 697 So.2d 1055; State v. Baynes, 96-0292 (La.App. 4 Cir. 7/31/96); 678 So.2d 959, 962 n. 2. The typical civil forfeiture action begins with a seizure of property and is followed by the filing of a forfeiture complaint and the prosecution of the government's claim. In many senses, the raison d'etre of civil forfeitures lies in their reduction of the government's burden for a successful prosecution. See also David B. Smith, Prosecution and Defense of Forfeiture Cases (1994).
Criminal forfeitures, on the other hand, are in personam actions against a criminal defendant. Thus, the only prerequisite to court jurisdiction is obtaining jurisdiction over the person of the defendant. The burden of proof in a criminal forfeiture case is allocated to the government. As such, a criminal conviction is a necessary predicate for any criminal forfeiture. See, e.g., La. R.S. 14:54.4 (Arson and use of explosives); La. R.S. 14:102.6 (Seizure and destruction or disposition of dogs and equipment used in dog-fighting); La. R.S. 14:230 (Money laundering; transactions involving proceeds of criminal activity); La. R.S. 15:1405.2 (Forfeiture of firearms, ammunition, and dangerous weapons by criminal street gangs).
Applying these precepts to the DWI forfeiture statute, La. R.S. 14:98(D), we conclude that this statute is a criminal forfeiture conducted under a criminal proceeding and penalty, not a civil proceeding. The automobile in question was forfeited upon Edward's conviction of third offense DWI by means of a criminal statutory sentencing provision as a reasonable exercise of police power in accordance with the first paragraph of Article I, Section 4, as opposed to a civil forfeiture of drug related contraband as specified in paragraph 3. Accordingly, we find that each forfeiture proceeding is separate and distinct, and each is incorporated in Article I, Section 4 of the Louisiana Constitution.
Furthermore, the third paragraph of Article I, Section 4 specifically provides that contraband drugs and property associated with the sale, procurement, and distribution of contraband drugs are to be disposed of by civil proceedings. Thus, contraband drug forfeitures are specifically limited to a civil proceeding [emphasis added]. As noted by the court of appeal, this case does not involve drug-contraband. State v. Edwards, 99-0885 (La.App. 1st Cir. 2/18/00), 752 So.2d 395, reh'g. den. (La.App. 1st Cir. 3/30/00) (Parro, J., dissenting). Paragraph 3 is not implicated in the case at bar. We find that other items *992 deemed "contraband" can be forfeited through a criminal forfeiture proceeding as well.

EXERCISE OF LEGISLATIVE POLICE POWERS
The State argues that the forfeiture of a vehicle used in the commission of a third offense DWI is a reasonable statutory restriction and a reasonable exercise of police power. We agree.
Police power is inherent in the state. Under that power the state may enact laws to protect and preserve social order, to restrict and punish crime, to preserve the public peace, to safeguard and protect the health and morals of the people, even though the effect of such laws is to strike down private contracts, to deprive the citizen of his liberty to contract and to take from him or destroy his property. But the legislature is prohibited from enacting such laws except for adequate reasons. If the reasons are not adequate, such legislation violates the due process clauses of the federal and state Constitutions. See Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515 (La. 1983).
The federal and state constitutions provide that no person shall be deprived of property without due process of law. U.S. Const. Fifth and Fourteenth Amendments; La. Const. art. 1 § 2. Balanced against this substantive due process right, however, is the police power of governing authorities to protect the health, safety, morals and general welfare of the people: "the inherent need of governments to protect the safety and welfare of their citizens from the unrestrained liberty of some individuals." Nowak, Constitutional Law 389 (1978), citing Corwin, Liberty Against Government 72 (1948).
La. Const. Art. I, Sec. 4 states that every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Professor Hargrave, in "The Declaration of Rights of the Louisiana Constitution of 1974," 35 La.L.Rev. 1 at 12 (1974) notes: "The background of [this] provision indicates an understanding that the statutory limitations and police power regulations are to be given a broad ambit." See, e.g. Brown v. State, Through Dept. of Public Safety, Division of Louisiana State Police, 392 So.2d 415 (La.1980), cert. denied, 452 U.S. 940, 101 S.Ct. 3085, 69 L.Ed.2d 955, (wherein La. R.S. 15:31 which allowed police to destroy slot machines summarily, was found to accord with the mandate of La. Const. art. 12 § 6 to suppress gambling, and did not violate the due process and right to private property principles contained in La. Const. art. 1 § 2).
We have already determined that the right to operate a motor vehicle in Louisiana is a privilege granted by the state and not a constitutional right. Consequently, the state has and can enact numerous conditions on that privilege[6]. *993 Fields v. State, 98-0611, (La.7/8/98), 714 So.2d 1244; Progressive Security Ins. Co. v. Foster, 97-2985, p.4 (La.4/23/98), 711 So.2d 675, 682.
Our constitution wisely provides for separation of powers, and authorizes the legislature to make public policy determinations of controversial issues. State v. Smith, 99-0606, (La.07/6/00), 766 So.2d 501. Therefore, under our constitution, the legislature has determined that the public policy of Louisiana is to keep drunk drivers off the state highways. A public policy that should not be determined by this court.
Moreover, the state's interests are immediately apparent: (1) the lack of compliance with the law as set forth in La. R.S. 14:98; (2) the high incidence of motor-vehicle accidents involving drunk drivers; (3) the reduction of deaths and injuries that usually result from motor vehicle accidents involving drunk drivers; and (4) the evident risk of the defendant continuing to drive while intoxicated, as this was at least his third offense. The state's interests are significant. These interests justify depriving the defendant of his vehicle. We further note that the proceeds of the sale of the vehicle shall first be used to pay court costs and towing and storage costs; the remainder shall be forwarded to the Council on Automobile Insurance Rates and Enforcement for its use in studying other ways to reduce drunk driving and insurance rates. See La. R.S. 14:98(D)(2)(d).
The danger that an innocent owner will be deprived of his property is minimal. The statute also provides that a vehicle shall be exempt from sale if it was stolen, or if the driver of the vehicle at the time of the violation was not the owner and the owner did not know that the driver was operating the vehicle while intoxicated. Additionally, the vehicle shall be exempt from sale if all towing and storage fees are paid by a valid lienholder. La. R.S. 14:98(D)(2)(b)(c). This is adequate protection for owners who are not drunk drivers.
Therefore, the sentencing provision of La. R.S. 14:98(D) mandating the forfeiture of the automobile used in the third DWI offense is a reasonable statutory restriction and a reasonable exercise of police power. Accordingly, we find that the statute meets all constitutional mandates.

CONCLUSION
Accordingly, we find that the lower courts did not err in determining Revised Statute 14:98(D)(2)(a) was constitutional. We further find that Article I, Section 4 contemplates both civil forfeiture and criminal forfeiture proceedings. Thus, the assignment of error is without merit, and Edwards' conviction and sentence are affirmed.
CALOGERO, J., dissents and assigns reasons.
KNOLL, J., concurs.
CALOGERO, Chief Justice, dissenting.
Our constitution sets out mechanisms for its amendment in La. Const. art. XIII. Under that section, the constitution may undergo a change only when "two-thirds of the elected members of each house of the legislature" and "a majority of the electors voting" approve. Just such a procedure was followed in 1989 when La. Const. art. I, § 4, which previously had prohibited state taking of "personal effects other than contraband," was amended to prohibit state taking of personal effects not related to contraband drugs. Apart from the exception for contraband drugs, the prohibition on the taking of personal effects is *994 absolute: "Personal effects shall never be taken." Thus our constitution, as amended in 1989, by its terms prohibits the legislature from enacting a statute like La. Rev. Stat. 14:98(D)(2)(a).
While I appreciate the desire of the legislature and this court's majority to reduce the dangers posed by intoxicated drivers, and while I appreciate the efficacy a statute like the one at issue here may have in this regard, the proper procedure for allowing the state to take an automobile used by an intoxicated driver is constitutional amendment followed by appropriate legislation, not unconstitutional legislation followed by de facto judicial constitutional amendment. Accordingly, I respectfully dissent.
NOTES
[*] Judge Anne Lennan Simon, of the Sixteenth Judicial District Court, for the Parishes of Iberia, St. Martin and St. Mary, assigned as Justice ad hoc, sitting for Associate Justice Jeffery Victory, recused.
[2] La. R.S. 14:98(D)(1) provides: "On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and shall be fined two thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole, or suspension of sentence, the court shall require the offender to participate in a court-approved substance abuse program and participate in a court-approved driver improvement program."
[3] The fourth amendment provides: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. CONST. amend. IV.
[4] Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Probable cause exists when "the facts and circumstances within ... [the officers'] knowledge and of which they had ... trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (quoting Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)).
[5] In Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court emphasized that a guilty plea is a waiver of important constitutional rights designed to protect the fairness of a trial:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923."
[6] For example: La.R.S. 32:402 (all drivers must secure a license); La.R.S. 32:402.1 (driver education is required); La.R.S. 32:403.1 (first time drivers 60 years of age or older must present medical and optometrical report); La.R.S. 32:403.2 (physically or mentally handicapped persons must present a detailed medical report); La.R.S. 32:407 (graduated driving privileges for minors); La.R.S. 32:408 (examination of driving applicants is required); La.R.S. 32:411.1 (driver must have license in his possession while driving); La. R.S. 32:414 (suspension of license provided for conviction of operating a vehicle under the influence of alcoholic beverages or narcotic drugs; conviction of felonies involving the operation of a vehicle); La.R.S. 32:416.1 (persons under the age of seventeen cannot drive a vehicle between 11 p.m. and 5 a.m. unless accompanied by a parent).