STATE OF LOUISIANA                                    NO. 22-K-80

VERSUS                                                FIFTH CIRCUIT

JOHN TYREE                                            COURT OF APPEAL

                                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

                          March 18, 2022

                          Susan Buchholz
                          First Deputy Clerk

**IN RE** JOHN TYREE
_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT,
PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
TIMOTHY S. MARCEL, DIVISION "E", NUMBER 21,280
_____

                    Panel composed of Judges Susan M. Chehardy,
                    Jude G. Gravois, and John J. Molaison, Jr.


## WRIT GRANTED, JUDGMENT VACATED, RELIEF DENIED, REMANDED

In this writ application, relator/defendant, John Tyree ("the relator"), challenges the pre-trial seizure of his vehicle pending conviction for third offense driving while intoxicated ("DWI"). The constitutionality of the State's general ability to sell and seize vehicles pursuant to La. R.S. 14:98(F), as determined by the Louisiana Supreme Court in *State v. Edwards*, 00-1246 (La. 6/1/01), 787 So.2d 981, is conceded by the relator. The narrow issue before us in this application is whether La. R.S. 14:98(F) permits such seizure and indefinite impoundment by the St. Charles Parish Sheriff's Office on its own motion, "pending civil forfeiture," prior to a disposition of the charge. For the following reasons, we grant the relator's writ application and vacate the trial court's ruling denying the motion to quash. However, on the showing made, we deny the requested relief as premature.

### Facts and procedural history

The relator was arrested and charged in St. Charles Parish with third violation of La. R.S. 14:98. In this case, subsequent to arrest, the Sheriff for St. Charles Parish filed for, and was granted a "seizure warrant" which purportedly gave him the authority to take the relator's vehicle. The relator thereafter filed a Motion To Quash Seizure Warrant And For Return of Vehicle. The motion to quash was set for hearing on December 1, 2021. In an order issued on January 25, 2022, the trial court denied the motion to quash. The relator timely filed the instant writ application which challenges this ruling.

22-K-80

### Assignment of error

The relator argues that the trial court erred in denying his Motion To Quash Seizure Warrant and For Return of Vehicle, by failing to apply the requirements of La. R.S. 14:98(F), La. R.S. 15:41, and La. C.Cr.P. art. 167, and by misinterpreting the Supreme Court's decision in *Edwards*, *supra*.

### Standard of review

A trial court's ruling on a motion to quash should not generally be reversed in the absence of a clear abuse of the trial court's discretion. *State v. Brooks*, 16-345 (La. App. 5 Cir. 12/28/16), 210 So.3d 514, 518. A trial court's legal findings, however, are subject to a *de novo* standard of review. *State v. Smith*, 99-0606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501, 504. In this case, the trial court's ruling on the motion to quash is based on a legal finding and, therefore, is subject to our *de novo* review.

### The statutory construction of La. R.S. 14:98(F)

La. R.S. 14:3 directs that provisions of criminal statutes "shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." It is well established that the task of statutory construction begins with an examination of the language of the statute itself. When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." *State v. Barbier*, 98-2923 (La. 9/8/99), 743 So.2d 1236, 1238. Here, La. R.S. 14:98(F) states:

> F. (1) On a third or subsequent conviction of operating while intoxicated pursuant to this Section, in addition to any other sentence, the court shall order, upon motion of the prosecuting district attorney, that the vehicle being operated by the offender at the time of the offense be seized and impounded, and be sold at auction in the same manner and under the same conditions as executions of writs of seizure and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure.

The plain language of the section makes clear that the seizure of a defendant's vehicle, **upon motion of the State**, necessarily **follows** a conviction for certain grades of DWI.[1]

### Pre-seizure requirements

In applying the plain language of La. R.S. 14:98(F) to the instant facts, we first acknowledge that relator has not been convicted for his alleged violation of 14:98, with a conviction being the first of three prerequisites identified in subsection (F)(1).[2] The second prerequisite, that the process for effecting the

---

[1] This view is consistent with the Court's holding in *Edwards*, *supra* at 988, "[U]nder La. R.S.14:98(D), a vehicle is **not ordered to be seized, impounded, and sold until after** a defendant is convicted." (Emphasis added.)

[2] In our opinion, this makes *Edwards* distinguishable. The First Circuit recounted in its procedural history of the case that before he pled guilty, the court informed defendant that a sentencing possibility, as set forth in the statute, would be the seizure, impoundment, and sale of his vehicle. *State v. Edwards*, 99-0885 (La. App. 1 Cir. 2/18/00), 752 So.2d 395, 397, *writ granted*, 00-1246 (La. 11/17/00), 774 So.2d 151, *aff'd*, 00-1246 (La. 6/1/01), 787 So.2d 981.

seizure originate with the district attorney's office, also has not been satisfied, based upon our review of the writ application.

In his application for the seizure warrant, the Sheriff stated:

> If this arrest should result in a conviction, pursuant to La. R.S. 14:98(F), the Court shall, upon motion of the prosecuting attorney order the vehicle to be seized, impounded and sold at auction in the same manner and under the same conditions as executions of writs of seizure and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure.

Notwithstanding the fact that the motion for seizure was made by the incorrect party and was raised prior to a conviction, a trial court's order of seizure was issued, satisfying the third element of (F)(1) in this case.[3]

### *State v. Edwards*

In its ruling that denied the motion to quash, the trial court relied upon the holding of *State v. Edwards*, *supra*. In that case, the defendant's vehicle was seized without a warrant upon his arrest for suspected DWI. He ultimately pled guilty to third offense DWI, and he was advised at the time of his plea that seizure and sale of his vehicle was a possible part of his sentence. The defendant reserved his right to challenge the constitutionality of the forfeiture provision of La. R.S. 14:98(D) following the entry of his guilty plea. His vehicle was then seized and sold as a part of his sentence. The First Circuit held that the statutory provision permitting seizure and sale of a vehicle when defendant was convicted of DWI, third offense, was not unconstitutional. *State v. Edwards*, 99-0885 (La. App. 1 Cir. 2/18/00), 752 So. 2d 395, *writ granted*, 00-1246 (La. 11/17/00), 774 So. 2d 151, *aff'd*, 00-1246 (La. 6/1/01), 787 So.2d 981. The Louisiana Supreme Court similarly held that the post-conviction forfeiture of the defendant's vehicle, which he drove during the offense for which he was convicted, was within the state's police power under constitutional provisions regarding ownership of private property.

As part of its analysis, the Supreme Court discussed the conditions under which the defendant's vehicle was seized.

> Although the police did not have a warrant to seize his automobile, the seizure is permissible when incidental to a lawful arrest. Before being convicted of DWI, third offense, a defendant is either tried in a court of law or he pleads guilty after a *Boykin* hearing. In either scenario, an owner has sufficient opportunity to limit the negative consequences of his vehicle being erroneously seized. Under La. R.S.14:98(D), a vehicle is not ordered to be seized, impounded, and sold until after a defendant is convicted. Thus, the forfeiture does not take place until after a hearing is held. We conclude that the seizure and impoundment of Edwards' automobile was lawful and passes constitutional muster.

---

[3] The trial court's order, dated March 23, 2021, which mistakenly refers to the Sheriff's action in seizing the vehicle as a "forfeiture," states that information regarding any relevant proceedings and regulations can be found "under 14:98 (F) and Book V, Title II, Chapter 4 of the Code of Civil Procedure."

*State v. Edwards* at 987-88. The trial court in the instant case apparently relied upon the above cited language in *Edwards* as a basis for denying the motion to quash at issue. The trial court wrote in its judgment:

> In *State v. Edwards*, 787 So. 2d 981 (La. 2001), the defendant challenged the forfeiture of his vehicle upon conviction of third offense operating a vehicle while intoxicated. The State, without a warrant, seized and impounded the vehicle operated by Edwards pending his conviction. The Louisiana Supreme Court found the pre-conviction warrantless seizure and impoundment of Edwards' vehicle following his arrest and its forfeiture upon conviction were a [sic] permissible exercises of police power under Louisiana Revised Statute 14:98(F).

A side by side reading of the *Edwards* opinion shows that the trial court correctly recited the holding of the opinion.

*Edwards* is distinguishable from the instant case in one important respect: the vehicle seizure in *Edwards* was deemed constitutional because it was made incident to, or contemporaneously with, a lawful arrest. The court held that, under those circumstances, a warrant was not necessary. In the instant case, however, the seizure of the relator's vehicle was not warrantless. Rather, the seizure was made after the Sheriff utilized a procedure designated by the plain language of 14:98(F) to be used by the prosecuting attorney after a conviction.

Upon our *de novo* review, we conclude that 14:98(F) and the court's specific holding in *Edwards*, do not support the trial court's conclusion that the Sheriff's action was permissible. Accordingly, we grant the relator's writ and vacate the trial court's denial of the motion to quash.

### *Relief requested*

In his prayer for relief, the relator requests that upon reversing the trial court's motion to quash, this Court should order the return of the defendant's vehicle and prohibit the Sheriff's Office from charging the relator storage fees in connection with the seized vehicle. To do so at this juncture would be premature. Upon the showing made on the limited record in the writ application, we find an insufficient basis for granting this specific relief. First, there is no evidence before us which establishes ownership of the vehicle, which is fundamental for demonstrating the relator's standing to seek return of the seized vehicle and his entitlement to due process.[4] Second, even if standing is demonstrated, given that we have now vacated the order regarding the seizure initiated by the Sheriff, it falls to either the State,[5] or the Clerk of Court,[6] to defend the continued impoundment of the seized vehicle in a required contradictory hearing. We decline, however, to

---

[4] *See, for example, State v. Birdwell*, 47,126 (La. App. 2 Cir. 5/16/12), 92 So.3d 1107; *State v. Feeback*, 434 So.2d 466, 468 (La. App. 2d Cir. 1983), and *State ex rel. C.C.*, 03-762 (La. App. 5 Cir. 12/9/03), 864 So.2d 663, 668, *overruled by In re Matter Under Investigation*, 07-1853 (La. 7/1/09), 15 So.3d 972. Here, ownership was alleged by the relator's counsel, but no evidence was introduced on the record in support of the assertion.

[5] Seizure statutes do not authorize the release of property lawfully seized which the state intends to offer as evidence at trial. *State v. Bordelon*, 538 So.2d 1087, 1092 (La. App. 3d Cir.), *writ denied*, 546 So.2d 1211 (La. 1989).

[6] *See, for example*, La. R.S. 15:41(C).

4

render an advisory opinion[7] or postulate as to the procedural form of relief the relator may seek individually upon remand of this matter.

### *Decree*

Accordingly, for the foregoing reasons, the writ application in this matter is granted, and the order of the trial court denying the motion to quash is vacated. The relief prayed for is denied.

Gretna, Louisiana, this 18th day of March, 2022.

**JJM**
**SMC**
**JGG**

---

[7] As observed generally by the Fourth Circuit in *Edward v. Badie*, 19-0332 (La. App. 4 Cir. 8/28/19), 282 So.3d 269, 270:

Appellate courts are prohibited from issuing advisory opinions. The Louisiana Supreme Court provided that "[t]he jurisprudence of this Court is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies." *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, (La. 10/20/98), 720 So.2d 1186, 1193.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **03/18/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**22-K-80**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Timothy S. Marcel (DISTRICT JUDGE)
Steven M. Mauterer (Respondent)          Maria M. Chaisson (Relator)
                                          Louis G. Authement (Respondent)

### MAILED

Hon. Joel T. Chaisson, II (Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057