821 So.2d 609 (2002)
STATE of Louisiana, Plaintiff-Appellee
v.
$790 CASH, One Remington Model 1100, Serial Number 418472V, One Winchester 30-30 Cal Rifle, Serial Number 3299035, One Remington Model 7400 30-06 Rifle, Serial Number B8332433 and One 2001 Ford Pickup Truck, Maroon in Color, VIN # 2FTRX07L31CA05349, Seized from the Possession of Thomas and Donna Miller, Defendant-Appellant.
No. 36,107-CA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 2002.
*610 Michael E. Kramer, Winnsboro, Robert A. Robertson, Boyce, for Appellant.
Johnny R. Boothe, Penny Wise Douciere, Rayville, for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
CARAWAY, J.
Upon the State's institution of this forfeiture proceeding and seizure of defendants' vehicle, the defendants moved to set the seizure aside. Following a hearing on defendants' rule to show cause, the trial court found probable cause to maintain the seizure. Nevertheless, the written judgment went further, ordering the forfeiture and public sale of the vehicle. Finding the trial court's ruling on forfeiture premature, we reverse and remand for further proceedings.

Facts and Procedural History
At 2:00 a.m. on July 21, 2001, Officer Kevin Bass ("Officer Bass"), a Franklin Parish Sheriff's Office Deputy, and five other deputies executed a search warrant at Thomas and Donna Miller's (hereinafter collectively "Miller") home. The search warrant, obtained earlier that evening, was based on information from a confidential informant alleging that Thomas Miller manufactured methamphetamine. The three hour search of Miller's house, garage and pick-up truck resulted in the seizure of contraband consisting of drug paraphernalia, including syringes, ziploc bags, various chemical components for allegedly manufacturing methamphetamine, glass jars, spoons, a monocular, medicine bottles, coffee filters, a scanner, and a pair of walkie-talkies. Property seized as a result of the search consisted of $790.00 cash, a rifle and two shotguns. The final hour of the search occurred in the garage and focused on Miller's pick-up truck. The truck contained items such as starting fluid containing ether, table salt, coffee filters, glass jars, plastic tubing, and a wooden spoon.
On August 2, 2001, the State filed a petition for warrant of seizure for forfeiture pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601, et seq. (hereinafter the "Act"), alleging drug crimes under La. R.S. 40:961, et seq. Methamphetamine is a stimulant and a Schedule II Controlled Dangerous Substance. La. R.S. 40:964(C). It is unlawful for any person to manufacture or possess methamphetamine. La. R.S. 40:967(A). Based on the State's application, Officer Bass's affidavit, and the search warrant return, the trial court found probable cause for seizure of Miller's property. The record indicates that Miller's truck was then seized.
*611 A Notice of Pending Forfeiture was also filed on August 2, 2001, instituting this action. The Notice of Pending Forfeiture described the cash and firearms as already seized and in the possession of the Franklin Parish Sheriff's Office, and the pick-up truck as "to be seized upon service of notice on Thomas and Donna Miller." Officer Bass completed the service return on August 8, 2001, indicating that Thomas Miller was personally served with the notice of seizure for forfeiture on August 3, 2001. Domiciliary service on Donna Miller was completed on August 7, 2001.
Thereafter, on August 22, 2001, Miller filed a Motion Contesting Wrongful Seizure, alleging that no probable cause existed to support seizure of the truck. The order setting the rule to show cause was signed on August 24, 2001.
Hearings on the Motion Contesting Wrongful Seizure in the State's civil forfeiture case and the Preliminary Examination in the State's criminal prosecution of Miller were called on November 13, 2001. Since determining the threshold issue of probable cause was required for both the civil and criminal proceedings, the district attorney moved the Court to consolidate the forfeiture hearing with the preliminary examination, without objection from defense counsel.
Officer Bass testified concerning the results of the search warrant executed at Miller's home. The State offered Exhibit A-1, consisting of the sworn return of search warrant, into evidence. Officer Bass testified that it was his opinion that, based on the evidence, methamphetamine was being produced at the home. He testified that the search revealed the presence of every chemical precursor for manufacturing methamphetamine except anhydrous ammonia. Officer Bass stated that "Thomas advised me in a statement after the arrest that he had been manufacturing methamphetamine since about February [of 2001]." At the close of Officer Bass's testimony, after defense counsel's cross-examination, the State rested. Miller chose to present no evidence.
After hearing argument, the trial court found probable cause for the criminal proceedings and, regarding the seizure of the vehicle, ruled as follows:
On the seized truck I think there was probable cause to seize that vehicle, you had the tubing, you had the filters, and you had the jars within, but I think Mr. Boothe is correct, I have to consider all the evidence, both within and without the residence and I think that it's plenty sufficient to show probable cause, so it's my opinion that that was proper also, there was probable cause for the seizure.
The judgment resulting from the November 13 hearing was signed on December 6, 2001. The judgment states that the State established by a preponderance of the evidence that Miller was engaged in conduct giving rise to forfeiture, and that the seized property was used to facilitate such conduct. It ordered the cash, firearms and truck forfeited to the State and dismissed Miller's motion contesting the seizure with prejudice.
Miller appeals, asserting that the trial court imposed an improper burden of proof upon the State. According to Miller, the finding of the lesser burden of probable cause does not support the judgment of forfeiture, which requires the preponderance of the evidence standard. Additionally, Miller argues that the items found in the truck do not support the State's seizure, and that the State's twelve-day delay in seizing the vehicle after the search further shows that no probable cause for the seizure exists.

*612 Discussion

In 1989, Article 1, § 4 of the Louisiana Constitution was amended to provide for civil proceedings for the forfeiture of drug-related property, as follows:
Personal effects shall never be taken. But the following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above described property has been rendered unavailable.
The Louisiana Supreme Court recently addressed this constitutional article and the subject of civil forfeiture in State v. Edwards, XXXX-XXXX (La.6/1/01), 787 So.2d 981. The court stated:
Civil forfeiture is the process by which governments seize property without compensating its owner, based on its connection with the commission of crime. [Citation omitted]. There is no prerequisite that a crime be proved before property is subject to confiscation.
Id. at 990.
The Act's civil forfeiture provisions for drug-related offenses were enacted following the 1989 constitutional amendment. In State v. Giles, 29,695 (La.App.2d Cir.6/18/97), 697 So.2d 699, this court observed that there are two statutory provisions delineating the criminal conduct and the connexity of property with such conduct that give rise to forfeiture under the Act. First, Section 2603 defines the conduct giving rise to forfeiture as being "an act or omission punishable by confinement for more than one year under R.S. 40:961, et seq." Second, Section 2604(2)(b) provides that the following property is subject to forfeiture:
All property ... [u]sed or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.
The Act contemplates two different proceedings, both of which were involved in this action, that now leads us to reverse the judgment of forfeiture as premature and to remand the case for further action. The State's Notice of Pending Forfeiture began the initial seizure and claims process delineated under Sections 2608, 2609 and 2610. Generally, those sections of the Act contemplate a preliminary process to determine if any claim or request for a stipulation of exemption by an owner or interest holder will be made. If not, the property is forfeited upon the mere showing of facts sufficient to show probable cause for forfeiture. La. R.S. 40:2615. The preliminary provisions further provide, however, that if claims are made, the district attorney may elect to proceed with judicial forfeiture by commencement of either the in rem action set forth in Section 2612 or the in personam action of Section 2613. La. R.S. 40:2609(B)(3). and (5)(a).
In response to the State's seizure of the vehicle and its initial Notice of Pending Forfeiture procedure, Miller filed a rule to show cause to determine the propriety of the seizure and to have the vehicle returned to him. The Act allows such an attack on the provisional seizure and the return of the property to the owner pending the outcome of the forfeiture action. Section 2611(C) provides as follows:

*613 If property is seized for forfeiture or a forfeiture lien is filed without a previous judicial determination of probable cause or order of forfeiture or a hearing under the provisions of Section 2613 of this Chapter, the court, on an application filed by an owner of or interest holder in the property, within ten days after notice of its seizure for forfeiture or lien, or actual knowledge of it, whichever is earlier, and after complying with the requirements for claims in Section 2610 of this Chapter, after five days notice to the district attorney, may issue an order to show cause to the seizing agency, for a hearing on the sole issue of whether probable cause for forfeiture of the property then exists. The hearing shall be held within thirty days of the order to show cause unless continued for good cause on motion of either party. If the court finds that there is no probable cause for forfeiture of the property, the property shall be released to the custody of the applicant or from the lien pending the outcome of a judicial proceeding pursuant to this Section.
Significantly, the burden of proof at the hearing to overturn the seizure is "probable cause." This contrasts to the more onerous burden of proof on the merits of forfeiture in a contested in rem action. La. R.S. 40:2612(G); State v. One (1) 1991 Pontiac Trans Sport Van, 98-64 (La.App. 5th Cir.7/9/98), 716 So.2d 446, citing Young Oil Co. of Louisiana v. Durbin, 412 So.2d 620 (La.App. 2d Cir.1982) (where the court stated "probable cause is not synonymous with `preponderance,' being somewhere between `preponderance' and `suspicion.'") By the 1997 amendment to the Act, a contested in rem action under Section 2612 requires the State to prove by a preponderance of the evidence the criminal conduct giving rise to forfeiture and the connexity of the property with such conduct. La. R.S. 40:2612(G).
The rule to show cause proceeding was conducted in this case with both parties and the trial court in agreement that the State had the burden of proving probable cause that the vehicle was subject to seizure pending forfeiture. The oral ruling of the trial court finding probable cause for seizure should have resulted in an interlocutory judgment, allowing the State's seizure to continue, pending the outcome of an in rem action for forfeiture. Nevertheless, the written judgment in this case erroneously went beyond the issue of the provisional seizure and rendered a judgment of forfeiture ordering the vehicle sold at public sale with the proceeds allocated to various state agencies.
In reaching this conclusion regarding the procedural posture of this case, we disagree with the State's contention that no claim pursuant to Section 2610 was ever asserted by Miller so that the finding of probable cause justified forfeiture. Miller's motion contesting the wrongful seizure made claim to the vehicle and asserted that the State's allegations regarding the vehicle were insufficient to support a forfeiture. The State allowed the rule to show cause hearing to be conducted without requiring a separate claim to be filed by Miller. Therefore, the proceeding following the trial court's upholding of the seizure must continue as a contested in rem action.
Although we agree with Miller that the judgment of forfeiture must be reversed, we disagree that the trial court's determination of probable cause to maintain the State's seizure was in error. Miller does not dispute the existence of probable cause for a drug offense, given the presumed trace of methamphetamine found in Miller's home, the evidence of the manufacture of methamphetamine, and his admission to the officer. We disagree with *614 Miller's contention that the presence of the coffee filters, ether, tubing and other items in the vehicle is insufficient to show probable cause that the vehicle was used or intended to be used in the illegal methamphetamine manufacturing operation. Whether that evidence and any other evidence will amount to a preponderance of evidence for forfeiture will be the subject of the trial for forfeiture upon remand. Finally, there is no merit in Miller's contention that the State's twelve-day delay between the initial search of the vehicle and its seizure proves the lack of probable cause and is thus an improper seizure. Various provisions of the Act itself indicate that immediate seizure of property subject to forfeiture is unnecessary and that the State in an in personam action may delay seizure until a judicial determination of the property's "guilt," permitting forfeiture.
Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion. Costs are assessed to appellants.
REVERSED AND REMANDED.