951 So.2d 1239 (2007)
STATE of Louisiana
v.
Levon JOHNSON, Jr.
No. 06-CA-647.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of *1240 Jefferson, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Ray A. Bright, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Levon Johnson, Jr., appeals from a judgment dismissing his petition for the return of money seized by the Jefferson Parish Sheriff's Department on behalf of the State of Louisiana following the Defendant's arrest for possession of marijuana. We affirm.
The Defendant was arrested on December 11, 2003 for possession of marijuana. During the search of his house on the same day, various items and money were seized by the Jefferson Parish police officers conducting the search. Subsequently, the State filed a Notice of Pending Forfeiture. On December 22, 2003, the Defendant filed an Application for Return of Illegally Seized Money on the basis that the Defendant is the sole owner of the money; it was no longer needed by the court as evidence, and it is exempt from seizure under La.R.S. 40:2605. After various continuances, argument on the Defendant's application was heard on July 13, 2004. The trial judge denied the application based on the Defendant's failure to comply with the service requirements of La.R.S. 40:2610.
On appeal, the Defendant contends that the trial judge erred in dismissing the petition.
The Defendant does not deny that service under La.R.S. 40:2610 A requires the claim to be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested. However, he argues that La.R.S. 40:2610 and La.R.S. 40:2611 provide two separate ways in which to challenge the forfeiture. In addition, he refers to the State's Notice of Pending Seizure, which he contends informs the claimant of three ways to assert the claim.[1] The Defendant argued at trial that he manually delivered the petition to the Jefferson Parish District Attorney's office. Although he was unable to name the person who accepted the delivery, the Defendant contends that manual delivery should be sufficient. The Defendant also cites State v. 790 Cash, 36,107 (La.App. 2nd Cir.6/12/02), 821 So.2d 609, to support his contention that service by certified mail, return receipt requested was not necessary.
The State asserts that R.S. 40:2611 clearly states that in order to make a claim under the forfeiture statutes, a claimant must follow the requirements set out in R.S. 40:2610 A and B, which was not done here. It contends that the Defendant's failure to properly serve the D.A. or to attach an affidavit to the claim defeat the Defendant's claim.[2]
We first note that this is a designated record and a copy of the State's Notice of Pending Forfeiture Notice was not included *1241 in the designation. In the absence of the document, we cannot consider arguments related to the notice's language.
Second, we find that the Defendant's reliance on State v. 790 Cash, 36,107 (La. App. 2nd Cir.6/12/02), 821 So.2d 609 is misplaced. The case is distinguishable. There, the State did not object until the appeal that the defendant's motion was not in compliance with R.S. 40:2610. Under those circumstances, the court found that the State waived any objection to the procedural defect. In this case, the State contested the validity of the claim form before the trial court.
Third, our review of La.R.S. 40:2601 et seq., the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, shows that these statutes govern the way a claim is to be made to recover forfeited goods or money. La.R.S. 40:2611 C, provides a defendant with the right to challenge the seizure of items or money by the State, but in doing so, the claimant must follow the "requirements for claims in Section 2610 of this Chapter. . . ."[3] R.S. 40:2610 states:
A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
(1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant will accept mail.
(3) The nature and extent of the claimant's interest in the property.
(4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
(6) All essential facts supporting each assertion.
(7) The specific relief sought.
[Emphasis added.]
In regard to the State's argument that the Defendant failed to provide an affidavit, we point out that the claim itself must be in affidavit form. See: R.S. 40:2610 B. The petition in this case is in proper form and the contents comply with R.S. 40:2610 B. Nevertheless, the lack of proper service that was objected to by the State is a procedural defect that cannot be cured. *1242 The statute uses the word "shall." The word "shall" means that the service by certified mail, return receipt requested is mandatory, not discretionary. Thus, we find that the trial judge did not err in dismissing the Defendant's claim for failing to comply with the service requirement of R.S. 40:2610 A.[4]
The counsel for Appellant, who failed to comply with the requirements to preserve oral argument of the appeal, appeared in court on the morning set for argument, and made an oral motion to reinstate argument. That motion was taken under advisement and is hereby denied
Accordingly, the motion to reinstate oral argument is denied. The judgment of the trial court is hereby affirmed.
MOTION DENIED; JUDGMENT AFFIRMED.
NOTES
[1] The Notice of Pending Forfeiture filed by the State is not in this record. The parties refer to it in the oral argument at the trial court hearing, and in appellate briefs.
[2] The State asserts that the issue is also moot since it already obtained a judgment forfeiting the money. However, as there is no evidence of that in this record, we cannot consider that argument.
[3] La.R.S. 40:2611 C provides:

If property is seized . . . without a previous judicial determination of probable cause or order of forfeiture or a hearing under the provisions of Section 2613 of this Chapter, the court, on an application filed by an owner of or interest holder in the property, . . . after complying with the requirements for claims in Section 2610 of this Chapter, . . . may issue an order to show cause to the seizing agency, for a hearing on the sole issue of whether probable cause for forfeiture of the property then exists. . . . If the court finds that there is no probable cause for forfeiture of the property, the property shall be released. . . . [Emphasis added.]
[4] We note that there were allegations in the hearing and in briefs that the pleadings filed by the parties were in two different courts, that there was some confusion regarding the cases, and that the State failed to serve the Defendant with its pleading. However, none of those facts are in our record or were placed into evidence in the trial court. Thus, we will not consider those statements.