960 So.2d 1270 (2007)
STATE of Louisiana, Plaintiff-Appellee,
v.
Anthony D. GREEN, (and $12,780.00 in U.S. Currency), Defendant-Appellant.
No. 42,253-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1271 Jarvis M. Antwine, Baton Rouge, for Appellant.
Iley H. Evans, District Attorney, Ashley P. Thomas, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
WILLIAMS, Judge.
The defendant, Anthony Green, appeals a judgment in favor of the State of Louisiana. The district court ordered the forfeiture of $12,780 in cash to the state. For the following reasons, we reverse and render.

FACTS
On February 28, 2006, the Caldwell Parish Sheriff's Office received a complaint about possible illegal activity in an empty apartment at a public housing complex. When Deputies Jack McKeithen and Sedric Meredith responded to the scene they observed two individuals sitting in a parked 1997 Cadillac. Anthony Green was sitting in the front passenger seat with the passenger door open and Marvin Stanley was sitting in the rear passenger seat. Deputy Meredith recognized Stanley as a person with a drug conviction who had been banned from public housing. As Deputy McKeithen approached the vehicle, he saw Green place a clear plastic bag containing a green substance into the waistband of his pants. The deputy asked Green for his identification and observed him place what appeared to be a large roll of money into the glove compartment.
After instructing Green to step out of the car, Deputy McKeithen retrieved a bag of marijuana from Green's waistband and removed $12,780 in cash from the glove compartment. Green stated that he had obtained the large amount of money from insurance proceeds, his sister and his girlfriend. A loaded .22 caliber handgun was found in the trunk of the auto. Green was arrested and later charged with possession of marijuana third offense and possession of a firearm by a convicted felon.
In April 2006, the state filed a notice of pending forfeiture. In response, the claimant, Anthony Green, and his sister, Cynthia Moran, filed claims alleging that the seized money was not subject to forfeiture. They also submitted affidavits stating that claimant had been holding $5,500 for Moran, who planned to purchase a truck. Additionally, claimant submitted the affidavit of his girlfriend, Elaine Smith, who stated that she had issued a check of $5,520 to claimant as his share of insurance proceeds for damage to their trailer home. Subsequently, the state filed a petition for forfeiture in rem. The claimant filed an opposition and reconventional demand for return of the seized funds.
After a hearing, the district court issued reasons for judgment noting that under LSA-R.S. 40:2611(G), money found in proximity to contraband raises an inference that the money was the proceeds of conduct allowing forfeiture. The court found that claimant failed to prove by a preponderance of evidence that the money came from independent sources and that under all of the circumstances, the state *1272 could reasonably assume that the money was connected to illegal drug activity. The district court rendered judgment ordering the forfeiture of $12,780 in cash to the state. Claimant appeals the judgment.

DISCUSSION
The claimant contends the district court erred in ordering forfeiture of the money seized. In two assignments of error, claimant argues that the court incorrectly applied the burden of proof for forfeiture proceedings and that the state failed to present sufficient evidence of a connection between the property seized and illegal activity.
Under the Forfeiture Act, LSA-R.S. 40:2601 et seq., conduct giving rise to forfeiture includes an act or omission punishable by confinement for more than one year under LSA-R.S. 40:961 et seq., and property used or intended to be used in any manner to facilitate such conduct is subject to forfeiture. LSA-R.S. 40:2603(1); LSA-R.S. 40:2604(2)(b).
In a civil forfeiture proceeding, wherein a claim is timely filed, the burden of proof required to forfeit the claimant's property shall be a preponderance of the evidence. LSA-R.S. 40:2612(G). A contested in rem action under Section 2612(G) requires the state to prove by a preponderance of the evidence the criminal conduct giving rise to forfeiture and the connection between the property and such illegal activity. State v. $790 Cash, 36,107 (La.App.2d Cir.6/12/02), 821 So.2d 609. The state is not required to trace the money to a particular drug transaction. U.S. v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir.1990).
In the present case, the state filed a notice of pending forfeiture on April 10, 2006. The claimant and Cynthia Moran each filed notice of claims on April 21, 2006, alleging that the seized money was not subject to forfeiture. Thus, their claims were timely filed pursuant to LSA-R.S. 40:2610, which requires that an owner of seized property file a claim within 30 days after the state's notice of pending forfeiture.
Under the original enactment of the Forfeiture Act, the state had the initial burden of showing the existence of probable cause for the forfeiture of property. The burden of proof for forfeiture was amended by Acts 1997, No. 1334, which changed the state's burden from probable cause to "preponderance of the evidence" in a forfeiture case where a claim has been timely filed. LSA-R.S. 40:2612(G); State v. $107,156 U.S. Currency Seized from Marlin Morton and Richard Woods, 41,090 (La.App.2d Cir.6/30/06), 935 So.2d 827, writ denied, 06-2271 (La.11/22/06), 942 So.2d 557. Proof by a preponderance of the evidence means that the evidence shows that the fact or cause to be proven is more probable than not. State v. $77,014 Dollars, 607 So.2d 576 (La.App. 3rd Cir.1992), writ denied, 612 So.2d 61 (La.1993).
Here, since claimant and Moran filed timely claims to the seized property, the state was required to prove forfeiture by a preponderance of evidence. However, in its written reasons for judgment, the trial court asserted that the state "must establish only probable cause (permissible inference) for the forfeiture under the circumstances." In ordering that the money be forfeited, the court found that claimant failed to prove by a preponderance of evidence that the money came from independent sources. Thus, the trial court applied the incorrect burden of proof to the state and improperly placed the burden of proof on the claimant.
In its appellate brief, the state argues that even if the court misinterpreted the forfeiture statute, the totality of the circumstances supports a finding that the *1273 state met its burden of proving forfeiture by a preponderance of the evidence. To support its argument, the state contends the claimant gave authorities conflicting stories regarding the source of the cash and points to his criminal record and his possession of marijuana along with a large amount of cash.
At the forfeiture hearing, Deputy Jack McKeithen testified that he found a bag of marijuana on claimant's person and removed a large amount of cash from his vehicle. Deputy McKeithen stated that claimant initially said the money was from an insurance settlement after damage to his trailer home. Then, while still at the scene, claimant said some of the money belonged to his sister and some to another person. Deputy McKeithen testified that he did not have any reason to believe that the money was used for illegal drug transactions and he did not know whether the money was the proceeds of criminal activity. Deputy McKeithen stated that the amount of marijuana possessed by claimant was enough to make one or two marijuana cigarettes.
Deputy Sedric Meredith testified that at the time of the arrest, claimant said the money was from insurance proceeds for storm damage to his trailer. Deputy Meredith stated that the next day, claimant brought a letter to the sheriff's office from his sister stating that some of the cash was hers. Claimant also said some of the money belonged to his girlfriend. Deputy Meredith identified court minutes showing claimant's two prior convictions for marijuana possession. Deputy Meredith acknowledged that he had no reason to believe that the money seized was connected to illegal drug activity. Deputy Meredith estimated that the marijuana recovered from the claimant was worth approximately $20.
Assistant Chief Deputy Beckie Ledbetter testified that at the scene of the arrest, Deputy McKeithen asked her to secure the cash seized from the claimant. Deputy Ledbetter stated that she asked claimant about the cash and he said he had carried some of the cash since 2005, when he received insurance money for tornado damage to his trailer. Deputy Ledbetter testified the claimant added that he had cashed his girlfriend's IRS refund check so that some of the money was hers and that he was holding money for his sister.
Contrary to the state's contention, the foregoing testimony demonstrates that on the day of his arrest, the claimant gave consistent explanations concerning the source of the money to each of the deputies. In addition, the claimant's explanation was consistent with the evidence produced at the forfeiture hearing.
The claimant's sister, Cynthia Moran, testified that she gave $5,500 to claimant to hold for her while she looked for a truck to purchase. Moran explained that the source of her money was an income tax refund received in January 2006 and two social security checks. Moran identified a copy of her tax return indicating a refund of $4,106 and documents from Caldwell Bank verifying that she had received two social security checks in the amount of $779 each. Moran testified that she gave claimant the money to hold because he was helping her look for a truck and that sometimes the sale price was lower if paid in cash.
The claimant, Anthony Green, testified that after the trailer home he shared with Elaine Smith was destroyed in a tornado, they received insurance proceeds of approximately $21,000, from which the balance of the home loan was paid. Claimant stated that from the remaining proceeds, Smith issued a check for $5,520 to him in March 2005. He testified that he had been holding the money on his person since then while looking for a new house. *1274 Claimant explained that he did not deposit the cash in a bank account because the IRS had previously seized money from his account for unpaid taxes. The claimant testified that none of the money was obtained from criminal activity. He stated that he had been living with his sister since the tornado in November 2004 and that he was not employed at the time of his arrest because of a prior work injury.
In making a finding of probable cause for forfeiture, the court primarily relied on the statutory inference that money found in proximity to contraband was the proceeds of conduct giving rise to forfeiture. Aside from the testimony that the claimant held a relatively large amount of cash at the time he possessed marijuana, the state's witnesses failed to make any other connection between the money and illegal drug activity.
Thus, the evidence presented by the state was inadequate to show that the seized currency was derived from or intended to be used in an illegal narcotics transaction. Additionally, the testimony and documentary evidence produced by the claimant adequately negated the statutory inference relied upon by the state and the trial court.
After reviewing the record in its entirety, we must conclude that the state failed to satisfy its statutory burden of proving by a preponderance of the evidence that a substantial connection existed between the property seized and the illegal drug activity. Consequently, the trial court erred in ordering that the $12,780 in currency be forfeited to the state under the Forfeiture Act.

CONCLUSION
For the forgoing reasons, the trial court's judgment ordering forfeiture is reversed. We hereby order that the $12,780 in currency be returned to the claimant, Anthony Green. Costs of this appeal are assessed to the State of Louisiana to the extent allowed by law.
REVERSED AND RENDERED.