STATE OF LOUISIANA
v.
PROPERTY SEIZED FROM DAVEDE DAVILLIER $660.00 IN U.S. CURRENCY
No. 2008 CA 1329
Court of Appeals of Louisiana, First Circuit.
May 8, 2009
Not Designated For Publication
JESSICA J. BREWSTER, Assistant District Attorney Counsel for Plaintiff/Appellee, State of Louisiana.
KATHRYN LANDRY, DAVEDE DAVILLIER, Claimant/Appellant, In Proper Person.
Before: WHIPPLE, KUHN, DOWNING, and McCLENDON, JJ.
WHIPPLE, J.
Davede Davillier appeals an in rem judgment against $660.00 in currency, seized from him during a parole check. Judgment was entered in favor of the State of Louisiana ordering that the currency be forfeited to the State. For the following reasons, we affirm.
FACTS AND PROCEDURDAL HISTORY
Davede Davillier's parole officer, together with a St. Tammany Parish Sheriffs Office corporal, conducted a routine residence check and drug screen at Davillier's home in April 2007. During the parole check, the sheriffs officer found crack cocaine in Davillier's pocket. While searching Davillier's bedroom, the sheriffs officer found a scale and a razor, both of which contained a white substance on them. After Davillier was arrested, he asked if he could retrieve some cash to take to the jail with him. He then retrieved $660.00 from a drawer in a chest of drawers in his bedroom. At that time, the sheriffs officer seized the money.
The State of Louisiana, through the 22nd Judicial District district attorney, served a notice of pending forfeiture and a petition for civil forfeiture pursuant to LSA-R.S. 40:2601, et seq., seeking forfeiture of the $660.00. Davillier filed a motion for release of the seized currency, which was denied. The matter then proceeded to trial. After considering the testimony and evidence, the trial court found that the money constituted proceeds from the sale of controlled dangerous substances and entered judgment in favor of the State and against the currency. The trial court then ordered that the $660.00 be forfeited and disposed of pursuant to law.
Davillier now appeals, asserting in one assignment of error that the trial court erred in entering judgment against his property based on its erroneous factual finding that the currency constituted proceeds of the sale of controlled dangerous substances.

DISCUSSION

Applicable Law
The Seizure and Controlled Dangerous Substances Property Forfeiture Act, LSA-R.S. 40:2601 et seq., provides procedures for the forfeiture of property that is furnished by any person in exchange for a controlled dangerous substance or that constitutes proceeds of conduct giving rise to forfeiture. LSA-R.S. 40:2604(2)(a) & (3); LSA-R.S. 40:2608; LSA-R.S. 40:2611; LSA-R.S. 40:2612. Once the district attorney has commenced forfeiture proceedings, an owner of or interest holder in the property ("the claimant") may file a claim setting forth, among other things, the circumstances of the claimant's acquisition of the interest in the property and the specific provision of the Act relied upon in asserting that the property is not subject to forfeiture. LSA-R.S. 40:2610(A) & (B)(4) & (5). Where the forfeiture proceeding is so contested, the State has the burden of proving by a preponderance of the evidence the criminal conduct giving rise to forfeiture and the connection between the property and such illegal activity.[1] LSA-R.S. 40:2612(G); State v. Green, 42,253 (La. App. 2nd Cir. 6/20/07), 960 So.2d 1270, 1272.
All monies handled by a suspected or convicted drug dealer are not subject to forfeiture solely on the basis that the dealer had some control over the money. The inquiry is whether the money was used in exchange for controlled substances, was used to facilitate drug transactions, or was the proceeds of a drug transaction. Although some connection between the money and the drug-related activity must be shown and supported by more than mere suspicion, State v. Cash Totalling $15,156.00, 623 So.2d 114, 121 (La.App. 1 Cir.), writ denied, 629 So. 2d 401 (La. 1993), the fact that money is found in proximity to contraband or an instrumentality of conduct giving rise to forfeiture gives rise to the statutorily provided permissible inference that the money was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate the conduct, thus aiding the State in its burden of proof.[2] LSA-R.S. 40:2611(G).

Legal Error
At the outset, we note that our review of the transcript reveals legal error by the trial court regarding burden of proof. Specifically, the trial court's oral reasons indicate that the trial court placed the burden of proof on Davillier. During its oral reasons, the trial court stated the following to Davillier:
So basically you had the burden of proving by a preponderance of the evidence that you had gone and you'd cashed this check and the money belonged to you from your wages and your IRS refund.
The trial court further stated:
But you haven't carried your burden of proof, and so I can't render a judgment in your favor.
As stated above, in a contested forfeiture proceeding, the State has the burden of proving by a preponderance of the evidence the criminal conduct giving rise to forfeiture and the connection between the property and such illegal activity. LSA-R.S. 40:2612(G); State v. Green, 960 So.2d at 1272. Accordingly, to the extent that the trial court placed the burden of proof on Davillier, rather than on the State, the trial court committed legal error.
When legal error interdicts the fact-finding process, the manifest error standard no longer applies, and, if the record is otherwise complete, the appellate court must conduct a de novo review of the entire record and determine a preponderance of the evidence. Pruitt v. Brinker, Inc., XXXX-XXXX (La. App. 1st Cir. 2/11/05), 899 So. 2d 46, 49, writ denied, XXXX-XXXX (La, 12/12/05), 917 So. 2d 1084. Thus, we conduct a de novo review of the record before us to determine the correctness of the judgment of forfeiture.

De Novo Review
In the instant case, Louisiana Probation and Parole Agent Lindy Lousteau, Davillier's parole officer, testified at trial that she visited Davillier's home on April 4, 2007, with Corporal Sean Beavers of the St. Tammany Parish Sheriffs Office.[3] The purpose of the visit was to conduct a routine residence check and drug screen. According to Agent Lousteau, when Corporal Beavers performed a pat-down search of Davillier, a wadded piece of paper containing crack cocaine rocks fell out of Davillier's pocket. At that time, Davillier claimed that he was planning to give the crack cocaine to someone in exchange for fixing his car.[4] When a drug screen was then conducted at the home, Davillier tested positive for both cocaine and marijuana, and he later admitted to the officers that he was abusing drugs.
After Davillier was placed under arrest, Corporal Beavers conducted a search of the residence. During the search, Corporal Beavers discovered, on the dresser in Davillier's bedroom, a digital scale and razor blade, both having a white substance on them. Also, the money retrieved by Davillier and then seized by Corporal Beavers was located in Davillier's bedroom, in a chest of drawers.
The discovery of crack cocaine on Davillier's person and of the digital scale and razor blade with white residue on the dresser in his bedroom supports the finding that Davillier was engaged in illegal drug activity. Moreover, the proximity of the money, located in the same bedroom as the scale and razor, instruments that facilitate the distribution of cocaine, gives rise to the inference that the money constituted the proceeds of illegal conduct or was used or intended to be used to facilitate illegal conduct. LSA-R.S. 40:2611(G); State v. Six Hundred Seventy Six Dollars $676 U.S. Currency Seized from Branch, 31,095 (La. App. 2nd Cir. 9/23/98), 719 So. 2d 154, 156. This permissible inference, coupled with Davillier's admission that he was abusing illegal drugs, supports the finding that the State established by a preponderance of the evidence that the money was subject to forfeiture pursuant to LSA-R.S. 40:1201, et seq.
Furthermore, while Davillier contended that the money seized was part of his income tax refund, the evidence of record does not support such a finding. Davillier contended at trial that when Corporal Beavers confiscated the money from him, the money was contained in the brown income tax envelope. However, Corporal Beavers testified that the money was contained in a white envelope with a clear plastic window for the address. Additionally, Sergeant Fontan, who was also present during the search, similarly testified that his recollection was that the money was contained in a white envelope. Moreover, Davillier did not offer into evidence a copy of the income tax check, and he acknowledged that he had not attempted to write to the Internal Revenue Service to obtain a copy of his income tax check.[5]
Considering the record herein, including the inconsistencies in the testimony and the lack of credible evidence to support Davillier's claim, we find from the record before us that the money seized constituted proceeds of illegal conduct or was used or intended to be used to facilitate illegal conduct and, thus, was subject to forfeiture pursuant to LSA-R.S. 40:1201, et seq.

DECREE
For the foregoing reasons, we affirm the May 1, 2008 judgment of the trial court. Costs of this appeal are assessed against appellant, Davede Davillier.
AFFIRMED.
DOWNING, J., dissents and assigns reasons
Here, the only connection between the seized currency and the drug-related activity is that they were located in the same room. In their search for drug-related materials in Davillier's bedroom, trained police officers did not find the money, which Davillier himself retrieved. No other connection was argued at trial than that the money was located in the same room. So at best, the State has established a permissible inference under La. R.S. 40:2611G that a connection exists between the money and conduct giving rise to a forfeiture. Contrary to the majority's conjecture, the fact that Davillier admitted using drugs in no way connects the money to any drug transaction.
The First Circuit has generated little jurisprudence on civil forfeiture under La. R.S. 40:2601 et seq. since the law was amended in 1997 to place the burden of proof at trial on the state when a claim is timely filed. (See State v. Green, 42,253, pp. 3-4 (La. App. 2 Cir. 6/20/07), 960 So.2d 1270, 1272, for a discussion of the amendment.[1]) In applying the former statute, however, the First Circuit observed that the State must show some connection between the money and the drug related activity, as follows:
The statute in question does not allow the forfeiture of all monies handled by a suspected or convicted drug dealer solely on the basis that the dealer had some control over the money. The inquiry is whether the money was used in exchange for controlled substances, used to facilitate drug transactions, or was the proceeds of a drug transaction. Some connection between the money and the drug related activity must be shown and supported by more than a mere suspicion.
State v. Cash Totalling $15,156.00, 623 So.2d 114, 122 (La.App. 1 Cir. 1993). In Cash Totalling $15,156.00, 623 So.2d at 115, the cash at issue was found in a trunk in a different bedroom from where the cocaine seized.
Louisiana Revised Statutes 40:2611H provides a rebuttable presumption of a connection if the state establishes that money was found in proximity to drug-related activity,[2] as follows:
There shall also be a rebuttable presumption that any property of a person is subject to forfeiture under this Section if the state establishes all of the following:
(1) That the person has engaged in conduct giving rise to forfeiture.
(2) That the property was acquired by the person during the period of the conduct giving rise to forfeiture or within a reasonable time after that period.
(3) That there was no likely source for the property other than the conduct giving rise to forfeiture.
While the first two elements of this test may pertain, Davillier provides a consistent, unrebutted explanation for the likely source of the currency. From the moment it was seized, he asserted that he cashed an income tax refund check. During discovery, Davillier provided a notice from the Internal Revenue Service (IRS) showing a refund of $706.58, dated two days before the seizure. He also provided a copy of his paycheck stub showing he worked and was paid during the time period surrounding the seizure. Davillier subpoenaed a witness from the store where he assertedly cashed the check, although the witness did not appear for court. He claims he authorized the State to contact the IRS to verify the refund. The State argued that Davillier failed to obtain proof from the IRS, but that was not his burden. The documentary evidence Davillier produced adequately negated the presumption of connection. Accordingly, since a likely source exists for the property other than the conduct giving rise to forfeiture, there is no presumption of connection. See Cash Totalling $15,156.00, 623 So.2d at 118. The dispute over the color of the envelope does not diminish the consistency of Davillier's explanation of the source of the currency.
The majority makes much of what Daviller did not prove. But he had no burden to prove anything. He cannot be punished for failing to prove his innocence. The State had the opportunity to procure and present evidence to prove or disprove its case, but it did not do so.
In Green, a sheriffs deputy found a bag of marijuana on the claimant's person after he stepped out of his vehicle and a large amount of cash in his vehicle. In evaluating the evidence before it,[3] the court concluded that this was an insufficient connection and that the State had failed to meet its burden of proof, as follows:
Aside from the testimony that the claimant held a relatively large amount of cash at the time he possessed marijuana, the state's witnesses failed to make any other connection between the money and illegal drug activity.
Thus, the evidence presented by the state was inadequate to show that the seized currency was derived from or intended to be used in an illegal narcotics transaction. Additionally, the testimony and documentary evidence produced by the claimant adequately negated the statutory inference relied upon by the state and the trial court.
After reviewing the record in its entirety, we must conclude that the state failed to satisfy its statutory burden of proving by a preponderance of the evidence that a substantial connection existed between the property seized and the illegal drug activity. Consequently, the trial court erred in ordering that the $12,780 in currency be forfeited to the state under the Forfeiture Act. Green, 42,253, p. 7, 960 So.2d at 1274.
For similar reasons, I also conclude that the State failed to satisfy its statutory burden of proving by a preponderance of the evidence that a substantial connection existed between the property seized and the illegal drug activity. I therefore further conclude that the trial court erred in ordering that the $660.00 in currency be forfeited to the State. Therefore, I respectfully dissent.
NOTES
[1] Prior to amendment by Acts 1997, No. 1334, the State had the initial burden of proof to establish probable cause for the forfeiture. The amendment changed the State's burden of proof to a preponderance of the evidence. See State v. Green, 42,253 (La. App. 2nd Cir. 6/20/07), 960 So. 2d 1270, 1272.
[2] Subsection H of LSA-R.S. 40:2611 further provides a rebuttable presumption that any property of the person is subject to forfeiture where certain specific circumstances are established. Proof that the property sought to be forfeited was in close proximity to the contraband or instrumentality of conduct of forfeiture is not required under subsection H. However, the inference provided in subsection G arises strictly from the circumstance of the money being in close proximity to the contraband or instrumentality of conduct giving rise to forfeiture.
[3] At the time, Davillier was residing at his mother's house with his girlfriend, his son, and his son's girlfriend.
[4] At trial, however, Davillier denied that he had cocaine on his person on the day in question. He also denied that he stated to the officers that he was going to give the drugs to his mechanic.
[5] The record before us does contain a copy of an Internal Revenue Service document dated April 2, 2007. The document indicated that Davillier was to receive an income tax refund of $706.58 and further provided that "[i]f you have not already received your refund check, it should arrive within 6 weeks." However, this form, which was dated only two days before the events at issue herein, in no way establishes that Davillier had in fact received a refund prior to the events at issue.
[1] Prior to the 1997 amendment, La. R.S. 40:2612G provided in pertinent part: "The district attorney shall have the initial burden of showing the existence of probable cause for forfeiture of the property. If the state shows probable cause, the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture."
[2] The State did not argue the applicability of the presumption at the trial, nor does it argue the presumption here.
[3] The Green court also conducted a tie novo review because the trial court imposed the wrong burden of proof. Green. 42,253, pp. 3-4. 960 So.2d at 1272.